

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 13 2022 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW YORK

| | |
|---|---|
| Mario E. Castro, <br><br> Plaintiff), <br> vs. <br><br> NewRez LLC D.B.A. SHELLPOINT MORTGAGE SERVICING, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX, INFORMATION SERVICES, LLC, et al. <br><br> Defendant(s). | Case No. <br><br> VERIFIED COMPLAINT for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C.§ 1681 et seq., COMMON LAW DEFAMATION ("LIBEL"), DEMAND FOR JURY TRIAL BY STRUCK JURY <br><br> 22CV6340 <br> JS/JMW |

## VERIFIED COMPLAINT

Comes now Plaintiff, **Mario E. Castro**, hereby individually and separately sues each Defendant identified in this matter. Plaintiff does not consent to magistrate jurisdiction. Plaintiff respectfully sets forth, complains, and states as follows with his complaint the following facts:

### PRELIMINARY STATEMENT

1. This is an action for damages (actual, statutory, compensatory and punitive costs and if applicable, attorneys' fees) brought by an individual consumer for Defendants' Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and COMMON LAW DEFAMATION ("LIBEL").

2. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing, Willful, intentional, reckless, negligent, done with malice, the intent to injure plaintiff, to harm and damage the plaintiff and his credit worthiness as Defendants did not maintain

procedures reasonably adapted to avoid any such violations and/or did not do a reasonable nor a proper investigation and/or reinvestigation into the matter.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p et seq.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p et seq. which in general provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in New York.

6. Plaintiff brings this action for injuries and damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

7. Plaintiff, **Mario E. Castro**, is a natural person, who resides in the State of New York.

8. At all times material hereto, Plaintiff was and is a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

9. As part of its business, Defendant NewRez LLC D.B.A. SHELLPOINT MORTGAGE SERVICING (hereinafter "Shellpoint") is a "furnisher" of consumer credit information, are persons who furnished information to consumer reporting agencies such as Defendants, Trans Union, Equifax, and Experian as that term is used in Section 1681s-2 et seq. SHELLPOINT is a Corporation with its principal place of business in Delaware and is authorized to do business in this judicial district. SHELLPOINT conducts business in this

jurisdiction, and may be served with process through their registered agent C/O CORPORATION SERVICE COMPANY at 80 STATE STREET, ALBANY, NY, UNITED STATES, 12207.

10. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA. Defendant Experian is a Ohio corporation registered to do business in the State of New York and may be served with process upon the EXPERIAN INFORMATION SOLUTIONS, INC., for service of process at 475 ANTON BOULEVARD, COSTA MESA, CA, UNITED STATES, 92626.

11. Equifax Information Services, LLC (hereinafter "Equifax") is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA. Defendant Equifax is a Georgia corporation registered to do business in the State of New York, upon information and belief its members are citizens of the state of Georgia and may be served with process upon the C/O CORPORATION SERVICE COMPANY, its registered agent for service of process at 80 STATE STREET, ALBANY, NY, UNITED STATES, 12207-2543.

12. Trans Union, LLC (hereinafter "Trans Union" or "TransUnion") is a limited liability company, a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA. Defendant TransUnion is a Delaware corporation registered to do business in the State of New York, upon information and belief, its members are citizens of the state of Delaware and may be served with process upon the THE LLC, its registered agent for service of process at ATTN: TAX DEPARTMENT, 555 WEST ADAMS ST., CHICAGO, IL, UNITED STATES, 60661 - 3601.

13. At all times material here to, Defendants, TransUnion, Experian, and Equifax are consumer reporting agencies regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers such as plaintiff for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) and 15 U.S.C. §1681a(f) to third parties.

14. Upon information and belief TransUnion, Experian and Equifax disburse consumer reports to third parties for monetary compensation.

15. All events herein occurred in this judicial district.

## STATEMENT OF FACTS
## BACKGROUND

16. At all times relevant to this matter, Plaintiff was and is an individual, a natural person, a consumer residing within the State of New York.

17. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

18. On information and belief, on a date better known to Defendants TransUnion, Experian and Equifax, hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to a Shellpoint account.

19. Shell Point improperly and in violation of the FCRA, continued to report the debt accounts on Plaintiff's credit report which defendant knows or has reasonable cause to believe that the information is inaccurate.

20. The information furnished by Shellpoint and published by the Bureaus is inaccurate and misleading because the Plaintiff disputed information that was inaccurately being reported including the balance allegedly owed on the Shellpoint mortgage debt account which the Bureaus should have properly investigated.

21. Additionally, the account reported was not marked as disputed by defendants in violation of the FCRA.

22. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various third parties, persons and credit grantors, both known and unknown.

23. Plaintiff notified all defendants that he disputed the accuracy of the information the Bureaus were reporting by sending a dispute letter triggering a dispute and investigation.

24. On or about October 15, 2020, Plaintiff sent out disputes triggering an investigation disputing an alleged mortgage account and information reported by Shellpoint to all the Credit Bureau defendants which Shellpoint received notice of by the Bureaus on or about October 2020. These disputes provided information in an effort to assist the credit bureaus and help with their reinvestigation of the accounts and the information being reported and published on plaintiff's consumer report and pointed out to all Defendants the improper, derogatory tradeline to be investigated and requested that the tradeline be deleted/removed.

25. All credit bureau defendants received Plaintiff's dispute and request for investigation/reinvestigation on or about October 2020.

26. The Credit Bureau Defendants as a result of their investigations alleged that the information reported by Shellpoint has been verified either as accurate, or belongs to the plaintiff but

correcting allowed additional information to be updated that was also inaccurate and unverified.

27. Defendants ignore all signs of inaccuracies being reported and continue to not do a proper, reasonable investigation as the alleged mortgage account was not being reported with 100% accuracy.

28. The defendant bureaus are required under 15 U.S.C. § 1681e(b) to investigate all information being reported to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

29. The FCRA requires Trans Union, Experian, and Equifax to review all information reported to determine maximum possible accuracy of the information being reported. Their policies require Shellpoint to report accurate information and account status regarding an account which include but is not limited to, balance information, open date, date of first delinquency.

30. At all times, plaintiff states and claims that defendants acts were willful, grossly negligent, knowing, done with "reckless disregard" of their obligations under the statutes, codes and laws presented in this complaint therefore have clearly demonstrate reckless disregard of its statutory obligations by repeatedly ignoring warning signs (plaintiff's dispute which triggered an reinvestigation) that it is violating the law, by refusing to do a proper and reasonable investigation and by failing to take corrective action to prevent future violations in a reasonable amount of time.

31. The defendant bureaus acted maliciously, with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights in violation of 15 U.S.C. § 1681h(e) which because of their actions allows for state claims to be asserted.

32. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

33. As a result of the Defendants failure to comply with the FCRA, and the erroneous derogatory information, Plaintiff has suffered significant damages, Plaintiff suffered concrete harm in one or more of the following forms: a significant drop in his credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation, loss of happiness, interest in outside activities, loss of sleep, headaches, sensitive stomach and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date.

## RESERVATIONS OF RIGHTS

34. Plaintiffs hereby reserves the right to request leave of court at a later date to amend his Complaint to add more claims, damages and enjoin defendants relevant to the case upon discovery.

## FIRST CAUSE OF ACTION
### (Willful and Negligent Violation of the FCRA 15 U.S.C. § 1681 et seq. as to TransUnion, Experian, and Equifax)

35. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

36. This is an action for willful and negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.;

37. Defendants violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notices of such inaccuracies or reason to belief the

information is inaccurate; by failing to conduct a reasonable and lawful investigation and/or reinvestigation; by failing to investigate all the information Shellpoint was reporting and publishing; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to believe is unreliable;

38. Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff;

39. Defendants have willfully and recklessly failed to comply with the FCRA. The failure of Defendants to comply with the Act include but are not necessarily limited to the following:
    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;
    c) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;
    d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;
    e) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;
    f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised to delete;
    g) The failure to take adequate steps to verify information defendants had reason to believe was inaccurate before including it in the credit report of the consumer;
    h) The Failure to insure and exercise their grave responsibilities with fairness, and impartiality;
    i) The Inaccurate Reporting of accounts without the written consent of plaintiff and without being properly verified in violation of plaintiff's privacy right, rights to privacy;

40. As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in

one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

41. The wrongful conduct, action and/or inaction of Defendants was willful, negligent, and reckless done with the intent to injure the plaintiff rendering Defendants separately liable for actual or statutory damages, compensatory and/or punitive damages in an amount to be determined by a Struck Jury pursuant to 15 U.S.C. § 1681(n) to be calculated at a Ratio as determined in **Younger v. Experian Info. Sols., Inc., No. 2:15-cv-00952, 2019 WL 1296256, at *13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendants as it appears the defendants will continue to violate the FCRA against consumers;

42. Plaintiff's claims are within 2 years from the date of discovery of the violation that is the basis for such liability and within 5 years after the date on which the violation that is the basis for such liability occurs pursuant to 15 U.S.C. § 1681p et seq. as a result of a dispute triggering a duty to investigate and discovering defendant's investigations was unreasonable and improper regarding all disputes and reinvestigations;

43. The wrongful conduct, action and/or inaction of Defendants was knowing, willful, negligent, reckless, done with the intent to injure the plaintiff in one or more forms or fashion entitling the Plaintiff to damages actual and/or statutory damages of $1,000 per violation each month as prescribed under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o from the past 5 years to be calculated at a later date;

44. The Plaintiff is entitled to recover reasonable costs and attorney's fees from defendants in an amount to be determined by the Jury pursuant to 15 U.S.C. § 1681n and 1681o if applicable;

   **WHEREFORE**, Plaintiff, Mario E. Castro, an individual consumer, demands judgement

in his favor against Defendants, for damages together with, if applicable, attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n;

## SECOND CAUSE OF ACTION
### (Willful and Negligent Violation of the FCRA 15 U.S.C. § 1681 et seq. as to Shellpoint)

45. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for willful and negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*;

47. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report;

48. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation/reinvestigation of the disputed information and review all relevant information provided by the agency;

49. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which supplied such information;

50. The Defendant violated 15 U.S.C. § 1681 seq. by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review or consider all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies. By continuing to publish to Trans Union, Experian and Equifax the inaccurate information regarding the alleged accounts; and by failing report accurate information which is identified in its own records to prevent the re-reporting of inaccurate misleading information;

51. Specifically, the Defendant continued to report an inaccurate account on the Plaintiff's credit

report after being notified of his dispute/request for reinvestigation regarding the accounts and all aspects of the information and balances being reported and published;

52. Additionally, the Defendant continued to report accounts which defendant knows or has reasonable cause to believe that the information is inaccurate. Defendant continuously failed to provide accurate information regarding the entire accounts reported and published to the bureaus which the bureaus published to third parties;

53. A reasonable investigation would require a furnisher such as Defendant to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher;

54. As a result of the wrongful conduct, action and inaction of Defendant, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

55. The wrongful conduct, action and/or inaction of Defendants was willful, negligent, and reckless done with the intent to injure the plaintiff rendering Defendants separately liable for actual or statutory damages, compensatory and/or punitive damages in an amount to be determined by a Struck Jury pursuant to 15 U.S.C. § 1681(n) to be calculated at a Ratio as determined in **Younger v. Experian Info. Sols., Inc., No. 2:15-cv-00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendants as it appears the defendants will continue to violate the FCRA against consumers;;

56. Plaintiff's claims are within 2 years from the date of discovery of the violation that is the basis for such liability and within 5 years after the date on which the violation that is the

basis for such liability occurs pursuant to 15 U.S.C. § 1681p et seq. as a result of a dispute triggering a duty to investigate and discovering defendant's investigations was unreasonable and improper regarding all disputes and reinvestigations;

57. The wrongful conduct, action and/or inaction of Defendant was knowing, willful, negligent, reckless, done with the intent to injure the plaintiff in one or more forms or fashion entitling the Plaintiff to damages actual and/or statutory damages of $1,000 per violation each month as prescribed under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o from the past 5 years to be calculated at a later date;

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from defendant in an amount to be determined by the Jury pursuant to 15 U.S.C. § 1681n and 1681o if applicable;

**WHEREFORE**, Plaintiff, Mario E. Castro, an individual consumer, demands judgement in his favor against Defendants, for damages together with, if applicable, attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

### THIRD CAUSE OF ACTION
### (COMMON LAW DEFAMATION ("LIBEL") AS TO ALL DEFENDANTS)

59. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

60. The defendants are guilty of defamation per se, in that defendants intentionally reported and/or allowed third parties to submit inaccurate information which was published and sold to third parties evidenced by plaintiff's inquiries showing on his consumer report that showed account information that they knew or should have known was false, misleading, inaccurate, unverified, and/or the correct nature of the accounts as it relates to the plaintiff and his rights. Defendants by reporting the accounts inaccurately, unverified and/or without the written consent of the plaintiff was intended to harm and defame plaintiff's reputation when

published to third parties who request for reports to qualify or approve Plaintiff based off of his credit and credit worthiness;

61. Said false representations made by Shellpoint and published by Trans Union, Experian and Equifax were not privileged and were not consented to by Plaintiff;

62. Defamation of Plaintiff was willful, done with malice, willful intent to injure the plaintiff;

63. As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

64. Defendants are each separately and individually liable to plaintiff for damages caused by their actions and this court should award plaintiff an amount equal to or greater than $250,000 as courts have frequently sustain emotional distress awards in the range of $250,000 in defamation cases. ***Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1319-20 (11th Cir. 1990)** (upholding an award of $250,000, given that the slander caused "an impairment of [the plaintiffs] reputation, personal humiliation, and mental anguish and suffering");

65. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff;

**Wherefore**, Plaintiff seeks judgment in his favor against Defendants for compensatory and punitive damages in such sums as the Struck jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

66. Plaintiff demands and hereby respectfully demands a trial by struck jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a struck jury trial.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all Defendants individually and separately as follows:

a) Actual damages in an amount to be proved at trial;
b) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;
c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);
d) For Compensatory and/or Punitive Damages to be calculated in a Ratio of 98:1 see… *Younger v. Experian Info. Sols., Inc.,* **No. 2:15-cv-00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019)** or higher to punish and deter the defendant from future violations of the FCRA;
e) For defamation "Libel" award in an amount equal to or greater than $250,000;
f) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Date this 12 day of **October, 2022**.

RESPECTFULLY PRESENTED,                                                   "Without Prejudice"

_____
Mario E. Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 13 2022 ★
LONG ISLAND OFFICE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mario E. Castro

**DEFENDANTS**
NewRez LLC D.B.A. SHELLPOINT MORTGAGE SERVICING, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX, INFORMATION SERVICES, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Fair Credit Reporting Act, Common Law Defamation (Libel)
Brief description of cause:
Defendants Reported Inaccurate defamatory information on consumer credit report

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _plaintiff_
DOCKET NUMBER _____

DATE October 12th, 2022
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

[Print]  [Save As...]  [Reset]