UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
MARIO E. CASTRO,

                    Plaintiff,

                                              ORDER
          -against-                           22-CV-6340(JS)(JMW)

NEWREZ, LLC, et al.,

                    Defendants.
------------------------------X
APPEARANCES

For Plaintiff:     Mario E. Castro, Pro Se
                   419 West Hills Road
                   Melville, New York  11747

For Defendant:     No appearances.

SEYBERT, District Judge:

          Presently, before the Court is the second Motion for
Leave to Procced in forma pauperis ("IFP") of Plaintiff Mario E.
Castro ("Plaintiff") made pursuant to the Court's Long Form
(hereafter, the "Renewed IFP Application"). (See ECF No. 7.)  For
the reasons that follow, the Renewed IFP Application is **DENIED**.
Plaintiff is **ORDERED** to remit the $402.00 filing fee within
fourteen (14) days of this Order if he wishes to proceed with this
action.[1]  **Plaintiff is ON NOTICE:**  Failure to timely remit the

---

[1] Because the Court does not refund the filing fee when a Complaint
is dismissed, Plaintiff is well-advised to review whether there is
a basis for him to assert standing in this action in light of the
Supreme Court's case, TransUnion LLC v. Ramirez, 141 S. Ct. 2190,
2205 (2021), which established, in the context of a Fair Credit
Reporting Act ("FCRA") action, that "even when a defendant violates
a statute such as the FCRA, the plaintiff has not necessarily

<u>filing fee within such time, absent a showing of good cause, will</u>
<u>result in the Court dismissing the Complaint without prejudice and</u>
<u>entry of judgment thereafter</u>.

RELEVANT BACKGROUND

As stated in the Court's October 2022 Order,[2] on October 13, 2022, Plaintiff commenced this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, filing a Complaint he purports to be verified.[3]  (<u>See</u> ECF No. 1.)  In doing so, he requested permission to proceed without prepaying the required filing fee.  (<u>See</u> IFP Motion, ECF No. 2.)  The Court denied the IFP Motion because, based upon Plaintiff's submitted IFP Short Form, it could not assess whether Plaintiff was entitled to proceed

---

suffered an injury-in-fact sufficient to establish Article III standing."  Plaintiff is encouraged to consult with the Hofstra Law <u>Pro Se</u> Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated <u>pro se</u> litigants.  The Court notes that the <u>Pro Se</u> Clinic is not part of, nor affiliated with, the United States District Court.  The Clinic offers services by appointment such as: providing brief legal counseling; explaining federal court rules and procedures; and reviewing and editing draft pleadings.  It may be reached at PSLAP@Hofstra.edu or (631) 297-2575.

[2]  The terms of art defined in the Court's October 21, 2022 Order (hereafter, the "October 2022 Order") (ECF No. 5) are incorporated herein, familiarity with which is assumed.

[3]  The Complaint lacks Plaintiff's sworn statement, made under penalty of perjury, that he has reviewed the Complaint and that, based upon his personal knowledge, the allegations therein are true.  <u>Compare</u> <u>Bank of Baroda, N.Y. Branch v. Kejriwal Newsprint Mills, LLC</u>, No. 21-CV-6982, 2022 WL 3755270, at *2 (S.D.N.Y. Aug. 30, 2022).

without prepaying the required filing fee. (See October 2022 Order at 2-3.)  However, the Court's denial was without prejudice to renew the application, but supported by the IFP Long Form. (See id. at 3.)  On November 1, 2022, Plaintiff timely filed his Renewed IFP Application.

DISCUSSION

I.   Applicable Law

Pursuant to 28 U.S.C. § 1914(a), "The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . ."[4] Further, pursuant to Local Civil Rule 1.7(a), "The Clerk shall not be required to render any service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee for the particular service is paid to the Clerk in advance or the Court orders otherwise."  See also Local Civil Rule 1.7, Committee Note ("Local Civil Rule 1.7(a) serves a useful purpose in light of 28 U.S.C. § 1914(c), which provides that '[e]ach district court by rule or standing order may require advance payments of fees.'").

---

[4]  The District Court's Miscellaneous Fee Schedule adds a $52.00 "administrative fee" for filing any civil action in the district court.  Thus, this Court collects a $402.00 filing fee.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The ability to proceed [in forma pauperis] is a privilege provided for the benefit of indigent persons." Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted).

> If it appears that an applicant's access to [] court has not been blocked by his financial condition; rather [that] he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case, then a court properly exercises its discretion to deny the application.

Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (internal quotation marks and citation omitted); see also Fallica v. Bank of Am., No. 22-CV-1297, 2022 WL 1508643, at * 2 (E.D.N.Y. Apr. 11, 2022) (denying IFP application where applicant's reported monthly expenses exceeded his reported monthly income because he also had $1,200 in a checking account, which was "sufficient funds to remit the $40[2].00 [filing] fee").

II.   <u>Application</u>

      Here, Plaintiff reports average monthly income during the past twelve months of $6,395.00[5] and that he has $6,500.00 in a joint checking account.   (Renewed IFP Application ¶¶ 1, 4.) Despite (1) Plaintiff's reported regular monthly expenses, including, <u>inter alia</u>, a mortgage payment, transportation, food, utilities, insurance, payroll taxes, and installment payments, totaling $9,747.00[6] (<u>id.</u> at ¶ 8), and (2) that such total monthly expenses exceed Plaintiff's monthly income by approximately $3,350.00, because Plaintiff has $6,500.00 in a checking account, he has sufficient funds to remit the required $402.00 filing fee. See <u>Adkins</u>, 335 U.S. at 344 ("The [<u>in forma pauperis</u>] statute was intended for the benefit of those too poor to pay or give security for costs . . . ."); <u>see also</u> <u>Cuoco</u>, 328 F. Supp. 2d at 467 (same). To the extent Plaintiff contends that his "daughter will be going to college" and he "will be insolvent @ that time in next 12 months," that is insufficient to establish that he is currently too poor to pay the required filing fee, especially as "he is

---

[5]   Plaintiff also reports his spouse's average monthly income during the past twelve months to be $900.00 and that he expects his income in the next month to be $6,800.00 and his spouse's expected income in the next month to be $700.00.   (See Renewed IFP Application ¶ 1.)

[6]   The Court notes that Plaintiff identifies all of the monthly expenses, other than $50.00 of payroll taxes and $500.00 for a Chase credit card installment payment, as his.   (Renewed IFP Application ¶8.)

merely in the position of having to weigh the financial constraints posed if he pursues [his position].” Fridman, 195 F. Supp. 2d at 537.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Renewed IFP Application (ECF No. 7) is **DENIED**;

**IT IS FURTHER ORDERED** that if Plaintiff wishes to proceed with this action, he is to remit the $402.00 filing fee within fourteen (14) days from the date of this Order. **Plaintiff is ON NOTICE:** Failure to timely comply with this Order will result in the dismissal of Plaintiff's Complaint without prejudice, with judgment to enter thereafter;

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore IFP status is **DENIED** for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT

Dated: November 3, 2022
        Central Islip, New York