FILED
CLERK

January 12, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIO E. CASTRO,

            Plaintiff,

    -against-

NEWREZ LLC D.B.A SHELLPOINT
MORTGAGE SERVICING, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANSUNION LLC, EQUIFAX
INFORMATION SERVICES, LLC, et al.

            Defendants
-------------------------------------------------------------X

**SUA SPONTE
REPORT AND
RECOMMENDATION**
22-CV-06340 (JS) (JMW)

**APPEARANCES:**

Mario E. Castro et al
419 West Hills Rd.
Melville, NY 11747
*Pro Se*

*No Appearance by Defendants*

**WICKS,** Magistrate Judge:

      Plaintiff Mario Castro commenced this action on October 13, 2022, against NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion") and Equifax Information Services, LLC ("Equifax") (together, "Defendants") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and relevant New York state law. (DE 1.)

Having reviewed the allegations of the Complaint, this Court issued an Order to Show Cause on October 26, 2022,[1] directing the Plaintiff to answer the following questions:

1. Does Plaintiff claim any concrete, particularized injury in fact from the statutory violations alleged herein? If so, please set forth such injury/injuries with particularity. *See TransUnion LLC*, 141 S. Ct. at 2203); *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 60 (2d Cir. 2021).

2. If Plaintiff is not claiming any such concrete injury, in light of the Supreme Court's decision in *Transunion*, Plaintiff shall provide any authority or basis for Plaintiff to assert standing in this action, or indicate whether the action should be dismissed. Defendants, if having appeared by that time, shall file any response thereto within 5 days of the filing by Plaintiff.

(Electronic Order, dated Oct. 26, 2022.)

In sum, the Court sought information to determine whether, in light of the Supreme Court's holding in *TransUnion LLC v. Ramirez*, ___ U.S. ___, 141 S. Ct. 2190, 2203 (2021), Plaintiff had alleged concrete, particularized injury in fact from the statutory violations alleged in the Complaint or any other basis sufficient to confer Article III standing and subject matter jurisdiction in federal court.

On December 1, 2022, Plaintiff submitted his response to the Court. (DE 10.) Defendants, having not yet been served or appeared in the action, did not file any response.

## DISCUSSION

The U.S. Constitution confines federal courts to only resolve only real cases and controversies. U.S. Const. art. III. To establish Article III standing, plaintiffs must show that they have suffered concrete harm. *TransUnion LLC v. Ramirez*, ___ U.S. at ___, 141 S. Ct.

---

[1] The Court first issued the Order to Show cause on October 26, 2022, but later withdrew its directive because Plaintiff's motion to leave to proceed in forma pauperis was denied and therefore Plaintiff had not paid the required court fees necessary to proceed. (*See* DE 5, Electronic Order, dated Oct. 26, 2022.) Upon Plaintiff's payment of the proper fees, the Court renewed its October 26 Order to Show Cause on November 21, 2022. (*See* Electronic Order, dated Nov. 21, 2022.)

2190, 2200 (2021); *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

The most obvious harms are tangible monetary or physical harms. *E.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). But harms need not always be tangible in nature. *See TransUnion LLC*, 141 S. Ct. at 2208 (finding plaintiffs sufficiently alleged standing in a Fair Credit Reporting Act case because TransUnion LLC had provided third parties with credit). However, "mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Id.*

Since *TransUnion*, it has been held that "[a] lowered credit score in and of itself is not a concrete harm." *Zlotnick v. Equifax Info. Servs.*, LLC, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022). Allegations of an improper notation on a credit report or a credit score reduction is insufficient unless coupled with allegations of dissemination to third parties. *Id.* (""Where a plaintiff claims that an improper notation on his credit report resulted in a credit score reduction that could cause him reputational and financial harm, the absence of allegations of dissemination to third parties requires dismissal"). However, credit reporting agencies, such as Equifax and TransUnion, "are not the type of third parties contemplated by the Supreme Court in *TransUnion*," but rather, "the Supreme Court clearly contemplated potential creditors. . ." *Spira v. Trans Union*, LLC, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *4 (S.D.N.Y. July 19, 2022).

Plaintiff argues that his allegations stating inaccurate information has been disseminated to third parties is sufficient to confer standing. (DE 10) (citing DE 1 at ¶¶ 22, 32, 52, 60.) Plaintiff further asserts that claims of a lowered credit score, denial of credit, and difficulty obtaining credit are adequately particularized and concrete and that the types of harm alleged in

3

Plaintiff's Complaint are "have a close relationship to a harm 'traditionally' recognized as providing a basis for this type of lawsuit. (*Id.*) (citing *Boone v. T-Mobile USA Inc.*, No. CV 17-378-KM-MAH, 2018 WL 588927, at *16 (D.N.J. Jan. 29, 2018). Plaintiff urges the Court to find these allegations as sufficient because his Complaint is verified. (DE 10.)

Plaintiff is misguided. Here, Plaintiff fails to allege a concrete injury. In his Complaint, Plaintiff alleges that TransUnion, Experian, and Equifax "have been reporting [] inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various third parties, persons and credit grantors, both known and unknown." (DE 1 at ¶ 22.) Further, Plaintiff alleges that Defendants "continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. . ." (*Id.* at ¶ 32.) Conclusory allegations such as these have been repeatedly found insufficient to confer standing. *See Lodhi v. JHPDE Fin. 1, LLC*, No. 22CV05434(JMA)(JMW), 2022 WL 17363935, at *2 (E.D.N.Y. Oct. 21, 2022), *report and recommendation adopted*, No. 22CV5434(JMA)(JMW), 2022 WL 17361233 (E.D.N.Y. Dec. 1, 2022) (remanding FCRA action where conclusory allegations of dissemination, "without more, do not amount to allegations of actual dissemination as required to pass muster under *TransUnion*"); *Spira v. Trans Union, LLC*, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *5 (S.D.N.Y. July 19, 2022) (rejecting conclusory allegations that inaccurate credit information was "disseminated to various persons and creditor grantors, both known and unknown" as grounds to confer standing); *Zlotnick*, 583 F. Supp. 3d at 391 (finding no standing exists where Plaintiff alleged "Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown").

4

Conclusory allegations of injury and nebulous claims of harm, like the ones found in Plaintiff's Complaint, are insufficient to confer federal standing. *See Maddox*, 19 F.4th at 65 ("True, the Maddoxes may have suffered a nebulous risk of future harm. . . but that risk, which was not alleged to have materialized, cannot not form the basis of Article III standing").

Accordingly, the allegations in Plaintiff's Complaint fail to "plead enough facts to make it plausible that [plaintiff] did indeed suffer the sort of injury that would entitle them to relief" for the purposes of Article III jurisdiction. *Maddox*, 19 F.4th at 65. Therefore, Plaintiff's allegations do not satisfy the injury-in-fact requirement of Article III and the Court lacks subject matter jurisdiction over Plaintiff's FDCRA claims.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to allege a concrete, particularized injury and therefore plaintiff does not have standing to sue in federal court. Accordingly, it is respectfully recommended to the Hon. Joanna Seybert that the case be dismissed for lack of subject matter jurisdiction without prejudice to refiling in state court if appropriate. *See TransUnion LLC*, 141 S. Ct. at 2208 (Thomas, J., dissenting) (suggesting that state courts may have jurisdiction over certain claims even in the absence of Article III standing).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will

preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
            January 12, 2023

/s/ *James M. Wicks*
            JAMES M. WICKS
        United States Magistrate Judge