```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
MARIO E. CASTRO,

                Plaintiff,
                                              ORDER
        -against-                             22-CV-6340(JS)(JMW)

NEWREZ, LLC, et al.,

                Defendants.
-------------------------------X
```

**FILED**
**CLERK**

4/18/2023 4:50 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

APPEARANCES

For Plaintiff:     Mario E. Castro, Pro Se
                   419 West Hills Road
                   Melville, New York  11747

For Defendant:     No appearances.

SEYBERT, District Judge:

Presently before the Court is the Sua Sponte Report and Recommendation ("R&R") of Magistrate Judge James M. Wicks (ECF No. 12), the Objection of pro se Plaintiff Mario E. Castro ("Plaintiff") (ECF No. 13), and a proposed Amended Complaint filed by Plaintiff (ECF No. 14).  For the reasons that follow, the Court declines to adopt the R&R and grants Plaintiff leave to file his Amended Complaint.

RELEVANT BACKGROUND

On October 13, 2022, Plaintiff commenced this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

1681, filing a Complaint he purports to be verified.[1] (See ECF No. 1.) The action arises from a dispute Plaintiff had with Defendant Shellpoint Mortgage Servicing ("Shellpoint"), regarding the balance alleged owed on a Shellpoint "mortgage debt account". (See Compl. ¶ 19.) Shellpoint is a furnisher of information to the credit reporting agency ("CRA") defendants, TransUnion, Experian, and Equifax (hereafter, the CRA Defendants"). Plaintiff alleges the CRA Defendants "prepared and issued credit reports concerning . . . Plaintiff that included inaccurate and materially misleading information relating to a Shellpoint account." (Id. ¶¶ 18-20, 22.) Despite Plaintiff's reporting the alleged inaccuracies with the Shellpoint account to the CRA Defendants and investigations into the dispute, Plaintiff maintains the CRA Defendants "continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors." (Id. ¶ 32.) As a result, among other alleged damages, Plaintiff contends to have "suffered concrete harm in one or more of the following forms: a significant drop in his credit score, loss of credit, loss of the ability to purchase and benefit from

---

[1] The Complaint lacks Plaintiff's sworn statement, made under penalty of perjury, that he has reviewed the Complaint and that, based upon his personal knowledge, the allegations therein are true. Compare Bank of Baroda, N.Y. Branch v. Kejriwal Newsprint Mills, LLC, No. 21-CV-6982, 2022 WL 3755270, at *2 (S.D.N.Y. Aug. 30, 2022).

credit, a chilling effect on credit applications, . . . bank account denials, denials of credit and credit card applications, [and] higher interest rates on loans and credit cards that would otherwise be affordable . . . ." (Id. ¶ 33.)  As a result, he asserts: (1) the willful and negligent violation of the FCRA by the CRA Defendants (First Cause of Action, Compl. ¶¶ 35-44); (2) the willful and negligent violation of the FCRA by Shellpoint (Second Cause of Action, Compl. ¶¶ 45-58); and (3) common law defamation by all the Defendants (Third Cause of Action, Compl. ¶¶ 59-65).

After the filing fee was paid (see ECF No. 9), Magistrate Judge Wicks issued an order directing Plaintiff to show whether he "claim[s] any concrete, particularized injury in fact from the statutory violations alleged" in his Complaint.  (See Oct. 26, 2022 Elec. OSC[2] (citing TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021); Bank of N.Y. Mellon Tr. Co., N.A., 19 F.4th 58, 60 (2d Cir. 2021)).)  In response, Plaintiff stated his "verified complaint shows that inaccurate information has been disseminated to third parties which . . . allows for Article III standing." (OSC Response, ECF No. 10.)  He asserted the harms he suffered are

---

[2]  The Magistrate Judge's original October 26, 2022 electronic Order to Show Cause ("OSC") was withdrawn because, at that time, Plaintiff had not yet paid the required filing fee.  (See JMW Oct. 26, 2022 Elec. Withdrawal Order.)  After Plaintiff's payment of the filing few, Magistrate Judge Wicks renewed his OSC.  (See JMW Nov. 21, 2022 Elec. Renewal Order.)

"related to the inaccuracies reported and published to third parties required by statute," which harms "are particular, real[,] and therefore qualifies as an injury-in-fact for Article III standing to proceed in this [C]ourt." (Id.) In support of his position, Plaintiff relied upon Boone v. T-Mobile USA Inc., a non-binding, pre-TransUnion case from outside the Second Circuit, which stated, when denying the dismissal of a pro se complaint at the pleading stage: "Harm to a credit report may or may not cause actual damages." No. 17-CV-0378, 2018 WL 588927, at *16 (D.N.J. Jan. 26, 2018).

On January 12, 2023, Magistrate Judge Wicks issued his R&R. He was unpersuaded that Plaintiff's: (1) allegations regarding inaccurate information that had been disseminated to third parties were sufficient to confer standing; (2) claims of a lowered credit score, denial of credit, and difficulty obtaining credit being were adequately particularized and concrete; and (3) alleged harms had a close relationship to a harm "traditionally" recognized as providing a basis for his lawsuit. (See R&R at 3-4.) To the contrary, the Magistrate Judge found, "Plaintiff fails to allege a concrete injury." (Id. at 4.) Magistrate Judge Wicks explained: "Conclusory allegations such as these have been repeatedly found insufficient to confer standing." (Id. (collecting cases).) "Therefore, Plaintiff's allegations do not satisfy the injury-in-fact requirement of Article III and the Court

lacks subject matter jurisdiction over Plaintiff's F[]CRA claims." (Id. at 5.)

On January 26, 2023, Plaintiff timely filed his Objection. (See ECF No. 13.) In a conclusory manner, he asserts his allegations satisfy the injury-in-fact requirement of Article III, thereby conferring upon this Court subject matter jurisdiction over his FCRA claims. (See id. at 2-3.) To support his Objection, Plaintiff submitted two exhibits, i.e., credit reports, as "sufficient evidence that his claims are not conclusory" and to show the CRA Defendants "'have been reporting [] inaccurate information through the issuance of false and inaccurate credit information and consumer reports that [they] ha[ve] disseminated to various third parties, persons and credit grantors, both known and unknown.'" (Id. at 1 (quoting Compl. ¶ 1).) Of note, Plaintiff also stated he "will be filing an amendment to his [C]omplaint shortly after this filing to include Exhibits to further evidence and support his claims in this case." (Id. at 2.)

On April 4, 2023, Plaintiff filed a proposed Amended Complaint which was not verified, together with exhibits which were incorporated by reference in their entireties. In addition to his supporting exhibits, which Plaintiff references in the Amended Complaint, Plaintiff also names two new defendants: The Bank of New York Mellon Corporation ("BONY") (Am. Compl. ¶ 11),

and Real Time Solutions, Incorporated ("Real Time") (id. ¶ 12). He also adds a new cause of action directed against Shellpoint, BONY, and Real Time: the knowing, willful, and negligent violation of New York U.C.C. § 9-210 et seq. (Fourth Cause of Action) (see id. ¶¶ 70-83). The proposed Amended Complaint was not accompanied by a motion seeking leave to amend. Cf. FED. R. CIV. P. 15(a)(1) & 15(a)(2).

## DISCUSSION

I.  Applicable Law

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); see also FED. R. CIV. P. 72(b)(3); Thomas v. City of N.Y., Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("Objections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."). Further, "[i]n this district and circuit, it is established law

that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Trustees of Metal Polishers Local 8A-28A Funds v. Nu Look Inc., No. 18-CV-3816, 2020 WL 5793204, at *3 (E.D.N.Y. Sept. 29, 2020) (quoting Illis v. Artus, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (cleaned up; collecting cases)). Similarly, a court will ordinarily not consider evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Trustees of Metal Polishers Local 8A-28A Funds v. Prestige Restoration and Maint., LLC, 986 F. Supp. 2d 159, 163 (E.D.N.Y. 2013) (collecting cases).

II.  Application

As an initial matter, the Court is not considering Plaintiff's exhibits submitted in support of his Objection.  There is no indication that these exhibits were presented to Magistrate Judge Wicks for his consideration.  The time to have submitted those exhibits would have been when Plaintiff responded to the Magistrate Judge's OSC regarding Article III standing, thereby affording Magistrate Judge Wicks the opportunity to consider them.

While the Court finds Plaintiff's objections to be general and conclusory, it has, nonetheless, conducted a de novo review.  Upon said review, the Court finds no error with the

Magistrate Judge's finding that, upon the allegations of the original Complaint, this Court lacks subject matter jurisdiction to adjudicate this case. Indeed, subjecting Plaintiff's pro se Complaint to the requisite liberal construction it is due, see generally Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."), this Court finds Plaintiff's allegations of injury to be conclusory and his claims of harm to be nebulous. (See R&R at 5.) As such, Plaintiff has not plausibly alleged an injury-in-fact which confers upon this Court subject matter jurisdiction over his FDCA claims. (See id.) Therefore, it was not erroneous that Magistrate Judge Wicks recommended this case be dismissed without prejudice to Plaintiff refiling his action in state court, if appropriate. (See id.) See also TransUnion, 141 S. Ct. at 2224 (Thomas, J., dissenting) (suggesting that state courts may have jurisdiction over certain claims even in the absence of Article III standing).

  Ordinarily, when this Court agrees with a magistrate judge's findings in a report, as it does here, it will proceed to adopt the magistrate judge's recommended disposition. However, the Court refrains from doing so in this instance.

  As previously stated, in his Objection, Plaintiff alerted the Court that he would be filing an amended complaint.

(Obj. at 2.)  In its discretion, the Court construes that notice as Plaintiff's Rule 15(a)(2) motion to amend.  While the R&R and Plaintiff's Objection were pending, Plaintiff did, indeed, file a proposed Amended Complaint.  As stated supra, Plaintiff attached several exhibits to his proposed Amended Complaint.  See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (stating a "'complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference'" (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995))).  Of note, within one of those exhibits, Exhibit A, are two correspondences from financial institutions: one from Synchrony Bank declining a request for a credit card, and one from Rocket Mortgage declining a request for a home loan (hereafter, collectively, the "Rejection Letters").³  (See ECF No. 14 at ECF pp. 31-34.)  In sum and substance, both Rejection Letters state the reason for denying Plaintiff's requests for credit is his poor credit history.  (See id.)

        The Second Circuit has long advised that leave to replead should be liberally granted to pro se litigants.  See Grullon v. City of New Haven, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the

---

³ At this juncture, the Court makes no determinations regarding the authenticity or admissibility of these documents.

plaintiff leave to amend at least once . . . ."); see also Olsson v. ABM Taxi Dispatch Laguardia Airport, No. 18-CV-8815, 2020 WL 5038742, at *3 (S.D.N.Y. Aug. 26, 2020) ("The Second Circuit has cautioned that district courts should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations omitted)). Relatedly, "[t]he court should freely give leave to amend when justice so requires," FED. R. CIV. P. 15(a); see also Schvimmer v. Off. of Court Admin., 857 F. App'x 668, 671 (2d Cir. May 3, 2021) ("[I]t is within the sound discretion of the district court whether to grant or deny leave to amend." (quoting Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995)). "[A]nd the principle that permission to amend to state a claim should be freely granted is likewise applicable to dismissals for failure to plead an adequate basis for federal jurisdiction." Oliver Schs., Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991) (first citing Foman v. Davis, 371 U.S. 178, 182 (1962); then citing 3 Moore's Federal Practice ¶ 15.10, at 15-104 (2d ed.1990)). Hence, in the exercise of its discretion, to ensure justice is served, taking into consideration Plaintiff's pro se status, given the sequence of procedural events in this case, and construing Plaintiff's notice of intent to file an amended complaint (see Obj. at 2) as his Rule 15(a)(2) motion

to amend, the Court grants Plaintiff leave to amend his Complaint. **PLAINTIFF IS ON NOTICE**: Plaintiff's Amended Complaint REPLACES AND SUPERSEDES his original Complaint in its entirety. See Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir.1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." (quoting Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977))).

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that, notwithstanding the lack of error in Magistrate Judge Wicks' R&R, the Court DECLINES to adopt it given the procedural sequence of events that have transpired in this action;

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED leave to amend his Complaint; to avoid confusion, Plaintiff's proposed Amended Complaint is deemed the operative complaint, and will be docketed (again) by the Clerk of Court as the Amended Complaint;

**IT IS FURTHER ORDERED** that the Clerk of Court is to issue the corresponding Summonses;

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore IFP status is **DENIED** for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
U.S. District Judge, E.D.N.Y.

Dated: April 18, 2022
       Central Islip, New York