UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
MARIO E. CASTRO,

                    Plaintiff,

                                              ORDER
          -against-                           22-CV-6340(JS)(JMW)

NEWREZ LLC, d/b/a SHELLPOINT
MORTGAGE SERVICING; THE BANK OF
NEW YORK MELLON, INC.; REAL TIME
SOLUTIONS, INC.; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION, LLC;
EQUIFAX INFORMATION SERVICES, LLC;

                    Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:      Mario E. Castro, pro se
                    419 West Hills Road
                    Melville, New York 11747

For Defendants:     No appearance.

SEYBERT, District Judge:

          On October 13, 2022, plaintiff Mario E. Castro
("Plaintiff"), proceeding pro se, commenced this action by filing
a Complaint alleging, inter alia, violations of the Fair Credit
Reporting Act, 15 U.S.C. § 1681 et seq., against NewRez LLC, d/b/a
Shellpoint Mortgage Servicing, Experian Information Solutions,
Inc., Trans Union, LLC, and Equifax Information Services, LLC,
together with a motion to proceed in forma pauperis ("IFP"). (See
Compl., ECF No. 1; IFP Mot., ECF No. 2.)  The Court denied
Plaintiff's IFP Motion without prejudice and with leave to renew
(see Oct. 21, 2022 Order, ECF No. 5), which Plaintiff timely

renewed.  (See Renewed IFP Mot., ECF No. 7.)  The Court further denied the Renewed IFP Motion; in its denial order, the Court ordered that if Plaintiff wished to proceed with this action, he had to timely pay the required filing fee.  (See Nov. 3, 2023 Order, ECF No. 8.)  Plaintiff did so.  (See Filing Fee Receipt, No. 2000002635, ECF No. 9.)

Thereafter, in light of the Supreme Court's holding in TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021), and "[t]o assist the Court in its review of standing in this action," Magistrate Judge Wicks ordered Plaintiff to show he alleged concrete, particularized injury-in-fact as a result of the statutory violations alleged in the Complaint or any other basis sufficient to confer Article III standing and subject matter jurisdiction in federal court.  (See JMW Nov. 21, 2022 Elec. Order; see also JMW Oct. 26, 2022 Elec. OSC.)  Plaintiff complied and filed a Response on December 1, 2022.  (Response, ECF No. 10.) Upon review of Plaintiff's Response, Magistrate Wicks recommended dismissal of the Complaint.  (See Jan. 12, 2023 Report and Recommendation ("Report"), ECF No. 12.)  Plaintiff timely objected to the Report; in his Objection, Plaintiff stated his intention to file an amended complaint.  (Obj., ECF. 13)  In his proposed Amended Complaint, filed April 4, 2023, Plaintiff added two new defendants: Bank of New York Mellon, Inc. and Real Time Solutions, Inc. (hereafter, together with the originally-named defendants,

2

"Defendants").  (See Proposed Am. Compl., ECF No. 14.)

Notwithstanding its lack of clear error, by Order dated April 18, 2023, this Court declined to adopt the Report.  (Apr. 18, 2023 Order, ECF No. 15.)  Rather, given the filing of a proposed Amended Complaint, the Court granted Plaintiff leave to amend his Complaint and directed the Clerk of the Court to: (1) docket Plaintiff's Proposed Amended Complaint as the operative Amended Complaint; and (2) issue the corresponding Summonses.  (See id.; see also Am. Compl., ECF No. 16.)  In accordance with the April 18 Order, summonses were issued on April 20, 2023.  (See ECF No. 17.)

Pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure:

> A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

FED. R. CIV. P. 4(c)(1) (emphasis added).  Moreover, pursuant to Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphases added).

3

Given the procedural history recited above, the Court finds good cause to extend the time for service. Accordingly, **IT IS ORDERED** that Plaintiff comply with his Rule 4 obligations on or before **June 30, 2023**.[1]  Once the Defendants are served, Plaintiff shall promptly file an Affidavit of Service for each Defendant. <u>**PLAINTIFF IS ON NOTICE**</u>: <u>**If he fails to timely serve the Summonses and Amended Complaint, and does not otherwise communicate with the Court why such service has or has not been made, the Amended Complaint will be dismissed without prejudice**</u>.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this order to Plaintiff at his address of record and to note such mailing on the docket.

**SO ORDERED.**

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:     May 24, 2023
           Central Islip, New York

---

[1]  The Court is precluded from providing legal advice to parties. Plaintiff is encouraged to contact the Hofstra <u>Pro Se</u> Legal Assistance Program at (631)297-2575 or pslap@hofstra.edu with any questions about service of process.