

Aliza Pescovitz Malouf

Akerman LLP
The Victor Building
750 9th Street, N.W., Suite 750
Washington, DC  20001

D: 202 824 1754
T: 202 393 6222
F: 202 393 5959
aliza.malouf@akerman.com

June 26, 2023

**VIA ECF**
Hon. Joanna Seybert, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Mario E. Castro v. NewRez LLC, d/b/a Shellpoint Mortgage Servicing, et al.*,
     Case No. 2:22-cv-06340-JS-JMW
     Request for Pre-Motion Conference Prior to Pre-Answer Motion to Dismiss

Dear Judge Seybert:

We represent defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) and the Bank of New York Mellon, Inc. (**BoNY**) in the above-referenced action (together Shellpoint and BoNY are referred to as **defendants**).  In accordance with Your Honor's Individual Rules and Practices Rule III.B., we write to request a pre-motion conference to discuss defendant's request to file a pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5)[1] and 12(b)(6).

This lawsuit piggy backs off a prior lawsuit filed by Plaintiff Mario E. Castro relating to a mortgage debt that Mr. Castro incurred on March 7, 2006.  *See Castro v. Bank of New York Mellon as trustee for the Certificateholders of CWALT Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass Through Certificates, Series 2006-OA11, et al.*, Case No. 2:17-cv-04375-JS-GXB (E.D.N.Y. Jul. 24, 2017).  Your Honor dismissed Mr. Castro's prior claims with prejudice on July 22, 2019.  *Id.* at [ECF No. 46].  The Second Circuit affirmed on June 28, 2021.  *See* Case No. 20-1938, [Doc. 94], (2d Cir. 2021).  Mr. Castro now tries to revive those claims, albeit through different alleged causes of action.  In his current attempt, Mr. Castro asserts three causes of action against Shellpoint and one against BoNY.  Mr. Castro alleges that Shellpoint willfully or negligently violated the Fair Credit Reporting Act (**FCRA**), 15 U.S.C. §1681, *et seq.*, and committed common law libel/defamation when it reported Mr. Castro's default on his mortgage to the credit bureaus.  Mr. Castro also asserts a claim against Shellpoint and BoNY for their purported violation of the Uniform Commercial Code § 9-210, *et seq.* (**model UCC**), and the New York Uniform

---

[1] By submitting this pre-motion letter and filing a motion to dismiss, defendants do not intend to waive any defenses, jurisdictional or otherwise.

akerman.com
71032620;1

Commercial Code § 9-210, *et seq* (**NY UCC**),[2] for failing to provide Mr. Castro with "an authenticated record of accounting." For the reasons briefly stated herein, Mr. Castro fails to state a claim for relief and his amended complaint should be dismissed with prejudice.

### Grounds for the Motion to Dismiss

"Rule 12(b)(5) permits a party to move to dismiss the complaint for insufficient service of process." *Cherry v. New York City Hous. Auth.*, No. 15-CV-6949 (MKB), 2017 WL 4357344, at *11, n. 18 (E.D.N.Y. Sept. 29, 2017).

> "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons. Rule 4(e) generally provides that individuals may be served by either (1) following the relevant state law procedures for service of the State where the district court is located or where service is made, or (2) personal delivery, leaving a copy at the individual's dwelling or usual abode with a person who resides there, or delivering a copy to an agent authorized to receive process."

*Dunham v. Town of Riverhead*, No. 19CV03289DLICLP, 2020 WL 5820157, at *2 (E.D.N.Y. Sept. 30, 2020) (internal citations and quotations omitted). "Service by certified mail is not an approved method for service of process under federal law." *Smith v. Smith*, No. 19CV01638AMDRML, 2021 WL 3524160, at *3 (E.D.N.Y. Aug. 11, 2021), *reconsideration denied,* No. 19CV01638AMDRML, 2021 WL 9032212 (E.D.N.Y. Aug. 19, 2021). And while New York law does permit service by *first class* mail, it must comply with a number of requirements and service using this method is only proper where the "defendant, defendant's attorney or an employee of the attorney [] complete[s] the acknowledgement of receipt and mail[s] or deliver[s] one copy of it within thirty (30) days of receipt." *Id.* (quoting CPLR § 312-a(b)). Without leave of court, Mr. Castro purportedly served BoNY by certified mail on June 6, 2023. *See* Exhibit A at 1, "Notary's Certificate of Service". BoNY did not return an acknowledgment of receipt to Mr. Castro, as require by CPLR § 312, nor did Mr. Castro comply with §312's requirements for service by first class mail. There is **no indication** that Mr. Castro served or attempted to serve Shellpoint. Mr. Castro also failed to "promptly file an Affidavit of Service for each Defendant," as required by Your Honor's order dated May 24, 2023. [ECF No. 18]. Because Mr. Castro did not properly serve defendants or comply with the Court's order, his claims should be dismissed.

Mr. Castro's amended complaint also fails because he does not state any cause of action against defendants – dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] Although Mr. Castro purports to allege violations of both the model UCC and the NY UCC, there is no separate cause of action under the model UCC. The model UCC is not law in New York. Rather, Mr. Castro can only allege a claim, albeit unsuccessfully, under the NY UCC.

71032620;1

liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S., at 555).

Mr. Castro's FCRA claim against Shellpoint fails because he did not (and cannot) allege that Shellpoint reported inaccurate information to the credit reporting agencies or that he suffered any harm as a result of any alleged inaccurate reporting. First, Mr. Castro's claim that the credit reporting was inaccurate is primarily based on his argument that he "has already tendered payment to the original lender since March of 2006 for the full amount of the credit loaned to plaintiff in the form of a 'promissory note' which was accepted as collateral for the loan of credit." Am. Compl. ¶ 38; *see also id.* at ¶¶ 39, 44, Request for Judicial Notice following ¶ 44, 65. Mr. Castro's arguments sound heavily in the "vapor money" theory derived from the "sovereign citizen" movement. *Id.*; *see also id.* at Ex. B at pp. 47-58 (espousing numerous "proofs of claim" sounding in "sovereign citizen" ideology). "The essence of the 'vapor money' theory is that the promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *Price v. Lakeview Loan Servicing, LLC*, No. 219CV655FTM29MRM, 2021 WL 1610097, at *4 (M.D. Fla. Apr. 26, 2021), *aff'd*, No. 21-11806, 2022 WL 896816 (11th Cir. Mar. 28, 2022) (internal citations and quotations omitted). The "vapor money" theory has been rejected by courts across the country. *See id.* (collecting cases). Therefore, "[c]laims premised on these theories" have, similarly, "been consistently rejected by federal courts." *See Green v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4069176, at *2 (E.D.N.Y. July 1, 2015). Second, Mr. Castro has not sufficiently alleged that the injuries that he purportedly suffered were caused by any inaccurate reporting. Rather, it is far more plausible that any denial of credit as allegedly reflected in Exhibit A attached to the amended complaint, was caused by Mr. Castro's willful refusal to pay his debt, which occurred because Mr. Castro mistakenly believed that executing a promissory note is payment in full for the debt owed. Am. Compl. ¶ 38.

For the same reasons, Mr. Castro's libel claim fails. Further, it is well settled that claims for libel resulting from purportedly inaccurate credit reporting are preempted by the FCRA. *See Dorce v. Toyota Fin. Servs.*, No. 19CV6008LDHRER, 2020 WL 6746838, at *4 (E.D.N.Y. Nov. 17, 2020) ("where a defamation claim relates to allegations of false credit reporting, the claim is preempted by the FCRA") (citing *MacPherson v. J.P. Morgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011)).

Finally, Mr. Castro cannot state a claim under New York UCC § 9-210, because article 9 of the NY UCC does not apply to interests in real property. *See* NY UCC § 9-109(c)(11)(d) ("This article does not apply to . . . the creation or transfer of an interest in or lien on real property.")

For these reasons, Shellpoint and BoNY request a pre-motion conference or, if the Court deems a conference unnecessary, permission to file a motion to dismiss and set a briefing schedule.

Thank you for your consideration of this request.

                                                          Respectfully,

                                                          */s/ Aliza Malouf*

                                                          Aliza Malouf

cc: Mario Castro (*via* UPS Overnight Delivery)
 419 West Hills Road
 Melville, NY 11747

*Plaintiff Pro Se*

71032620;1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO E. CASTRO,<br><br>Plaintiff(s),<br><br>v.<br><br>NEWREZ, LLC et al.<br><br>Defendant(s) | Civil Action No.: 22CV6340(JS) (JMW)<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK    )
                                         ) ss:
COUNTY OF NEW YORK  )

I, **Alisha McGhee**, being duly sworn, hereby certify that I am over eighteen years of age, a resident of Kings County, New York, employed as an Office Services Clerk with Akerman LLP, 1251 Avenue of the Americas, 37th Floor, New York, NY 10020, and that I am not a party to this action.

I hereby certify that on the 26th day of June, 2023, I caused a true and correct copy of **PRE-MOTION LETTER TO HON, JOANNA SEYBERT, U.S.D.J. and CASE LAW** , to be served upon the party listed below, by depositing said documents in a securely sealed, fully post-paid, mail envelope, for Regular Mail delivery under the exclusive care and custody of the USPS, properly addressed, to the following:

                                        **Mario Castro**
                                        **419 West Hills Road**
                                        **Melville, NY 11747**

71154201;1

_____
Alisha McGhee

Sworn to before me this
26th day of June, 2022

_____
Notary Public

PAMELA ROSANA MARTINEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA6314397
Qualified in Queens County
My Commission Expires 11-03-2026

71154201;1