# Holland & Knight

1650 Market Street | Suite 3300 | Philadelphia, PA 19103 | T 215.252.9600 | F 215.867.6070
Holland & Knight LLP | www.hklaw.com

Jonathan M. Marmo
+1 215-252-9568
Jonathan.Marmo@hklaw.com

July 28, 2023

*Via ECF*

The Honorable Pamela K. Chen, U.S.D.J
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Marlo E. Castro v. NewRez LLC D.B.A Shellpoint, et al.
             Case No. 2:22-cv-06340-PKC-JMW
             Request for Pre-Motion Conference Prior to Pre-Answer Motion to Dismiss

Dear Judge Chen:

We represent Defendant Real Time Resolutions, Inc.'s ("RTR") in the above-referenced action. In accordance with Your Honor's Individual Practices and Rules, Rule 3.A., we write to request a pre-motion conference to discuss RTR's request to file a pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5)[1] and 12(b)(6). Plaintiff's Amended Complaint ("Am. Compl.") asserts a cause of action against RTR for alleged violations of UCC § 9-210 *et seq*. ("UCC") and NY § UCC 9-210 *et seq*. ("NY UCC"). Am. Comp. ¶¶ 79-83.

## Grounds for the Motion to Dismiss

### A.    Insufficient Service of Process on RTR

"Rule 12(b)(5) permits a party to move to dismiss the complaint for insufficient service of process." *Cherry v. New York City Hous. Auth*., No. 15-CV-6949 (MKB), 2017 WL 4357344, at *11, n. 18 (E.D.N.Y. Sept. 29, 2017). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons. Rule 4(e) generally provides that individuals may be served by either (1) following the relevant state law procedures for service of the State where the district court is located or where service is made, or (2) personal delivery, leaving a copy at the individual's dwelling or usual abode with a person who resides there, or delivering a copy to an agent authorized to receive process." *Dunham v. Town of Riverhead*, No. 19CV03289DLICLP, 2020 WL 5820157, at *2 (E.D.N.Y. Sept. 30, 2020) (internal citations and quotations omitted). "Service by certified mail is not an approved method for service of process under federal law." *Smith v. Smith*, No. 19CV01638AMDRML, 2021 WL 3524160, at *3

---

[1] By submitting this pre-motion letter and filing a motion to dismiss, RTR does not intend to waive any defenses, jurisdictional or otherwise.

(E.D.N.Y. Aug. 11, 2021), *reconsideration denied*, No. 19CV01638AMDRML, 2021 WL 9032212 (E.D.N.Y. Aug. 19, 2021). And while New York law does permit service by first class mail, it must comply with a number of requirements and service using this method is only proper where the "defendant, defendant's attorney or an employee of the attorney [] complete[s] the acknowledgement of receipt and mail[s] or deliver[s] one copy of it within thirty (30) days of receipt." *Id*. (quoting CPLR § 312-a(b)).

On April 18, 2023, the Court accepted Plaintiff's Am. Compl. and ordered him to comply with his Rule 4 obligations by June 30, 2023. *See* ECF No. 18. Without leave of court, Mr. Castro purportedly served RTR by certified mail on June 6, 2023 at P.O. Box. *See* ECF No. 30 ("Proof of Service on Defendants") at 3. Because Mr. Castro did not properly serve RTR, either within the time frame set by the April 18th Order, or within 90 days of filing the Amended Complaint, as required by Rule 4(m), the Court should dismiss the Complaint as to RTR.

**B.     Failure to State a Claim as to RTR**

Mr. Castro's Amended Complaint also fails because he does not state any cause of action against RTR– dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S., at 555).

Although Mr. Castro purports to allege violations of both the model UCC and the NY UCC, there is no separate cause of action under the model UCC. Moreover, the model UCC is not even law in New York. *See Clemente Bros. Contracting Corp. v. Hafner-Milazzo,* 23 N.Y.3d 277, 286, 14 N.E.3d 367, 371 (2014). Rather, Mr. Castro can only conceivably allege a claim under the NY UCC. However, Mr. Castro cannot state a claim under New York UCC § 9-210, because article 9 of the NY UCC does not apply to interests in real property. *See* NY UCC § 9-109(c)(11)(d) ("This article does not apply to . . . the creation or transfer of an interest in or lien on real property.") Accordingly, since RTR account in dispute concerns mortgage lien on real property, no claim under the NY UCC can proceed and Mr. Castro's claim fails as a matter of law.

We are available at the Court's convenience should there be any questions on the above.

Sincerely,

HOLLAND & KNIGHT LLP

*[signature: Jonathan Mann]*

Jonathan M. Marmo

cc: Mario Castro (via UPS Overnight Delivery)
419 West Hills Road
Melville, NY 11747
Plaintiff Pro Se

#225074859_v1