

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

dmansoor@seyfarth.com
T (212) 218-3391

www.seyfarth.com

June 28, 2023

**VIA ECF**

Honorable Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Mario E. Castro v. NewRez, LLC d/b/a Shellpoint Mortgage Servicing, et al.*
Case No. 2:22-cv-06340-JS-JMW

Dear Judge Chen:

In accordance with Rule 3(A), of Your Honor's Individual Practices and Rules, Defendants Equifax Information Services LLC ("Equifax"), Experian information Solutions, Inc. and Trans Union, LLC (collectively, "CRA Defendants") respectfully submit this joint letter requesting a pre-motion conference regarding the CRA Defendants' anticipated pre-answer motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff Mario E. Castro ("Plaintiff") alleges three causes of action against the CRA Defendants. Plaintiff alleges that the CRA Defendants willfully or negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and that they committed common law libel/defamation concerning the information the CRA Defendants were reporting in connection with Plaintiff's Shellpoint Mortgage Servicing account.

It is well-established that the absence of a factual inaccuracy is fatal to Plaintiff's claims. *See Thompson v. Equifax Info. Servs.*, No. 20-CV-6101 (RPK) (ST), 2022 WL 2467662, at *9 (E.D.N.Y. Feb. 24, 2022) ("[t]he threshold question under both Sections 1681e(b) and 1681i "is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary."). Here, Plaintiff alleges in conclusory fashion that the CRA Defendants violated the FCRA because the CRA Defendants were reporting inaccurate information on his Shellpoint account. Although Plaintiff casually mentions that he disputed the balance owed on the Shellpoint account, he fails to allege what was inaccurate about the balance being reported or that he disputed any purported inaccuracy with the CRA Defendants. As proof that he disputed the Shellpoint account with the CRA Defendants, Plaintiff submits "A Request for Accounting," dated October





26, 2022 that he submitted to defendants Real Time Solutions, Shellpoint Mortgage Servicing and The Bank of New York Mellon. *See* Am. Compl. ¶ 27; *see also*, Am. Compl. at Ex. B.

Plaintiff's FCRA claim against the CRA Defendants fails because he did not (and cannot) allege that the CRA Defendants reported inaccurate information or that he suffered any harm as a result of any alleged inaccurate reporting. First, the crux of Plaintiff's claim that the credit reporting was inaccurate is based on his argument that he "has already tendered payment to the original lender since March of 2006 for the full amount of the credit loaned to plaintiff in the form of a 'promissory note' which was accepted as collateral for the loan of credit." Am. Compl. ¶ 38; *see also id.* at ¶¶ 39, 44, Request for Judicial Notice following ¶ 44, 65. Plaintiff's arguments sound heavily in the "vapor money" theory derived from the "sovereign citizen" movement. *Id.*; *see also id.* at Ex. B at pp. 47-58 (espousing numerous "proofs of claim" sounding in "sovereign citizen" ideology). "The essence of the 'vapor money' theory is that the promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *Price v. Lakeview Loan Servicing, LLC*, No. 219CV655FTM29MRM, 2021 WL 1610097, at *4 (M.D. Fla. Apr. 26, 2021), *aff'd*, No. 21-11806, 2022 WL 896816 (11th Cir. Mar. 28, 2022) (internal citations and quotations omitted). The "vapor money" theory has been rejected by courts across the country. *See Simon v. Bank of America, N.A.*, No. 19-CV-3498 (JMA), 2021 WL 148650, *8 (E.D.N.Y. Jan. 15, 2021) (affirming bankruptcy court's granting of filing injunction against debtor who purported to pay mortgage by submitting an equitable remittance coupon); *Roundpoint Mortgage Servicing Corp. v. Nathalie Hubert-Toussaint et al.*, C.A. No. K19L-03-014 WLW (Del. Sup. Ct. Sept. 26, 2019) (granting motion to dismiss counterclaim alleging that RoundPoint had to accept Defendants' "Equitable Remittance Coupon" as payment, holding that Defendants state no viable claim for relief and Defendants could be sanctioned because their Counterclaim "appears to be frivolous and it is a waste of the Court's resources."); *Miller v. Exelon*, Civ. No. 19-cv-0231 (E.D.Pa. Feb. 26, 2019) (dismissing claims where Plaintiff sought to pay water, gas, and electric bills with a "Government Obligations Remittance Coupon," modeled as a bank check, holding Miller's claims are "legally frivolous").

In the absence of a factual inaccuracy, Plaintiff's claims against the CRA Defendants fail because Plaintiff's purported legal defense does not satisfy the requirement of a factual inaccuracy sufficient to state a claim under the FCRA and the FCRA does not require consumer reporting agencies, such as CRA Defendants, to adjudicate legal disputes. Plaintiff's FCRA claims are in essence a collateral attack on the validity of his debt. But "inaccuracies that turn on legal disputes are not cognizable under the FCRA." *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023). In *Mader*, the Second Circuit endorsed the First Circuit's view that a "debtor's claim that his credit report contained an inaccurate report of a legally invalid mortgage 'crossed the line between alleging a factual deficiency that [the credit reporting agency] was obliged to investigate pursuant to the FCRA and launching an impermissible collateral attack against a lender by bringing an FCRA claim against a consumer reporting agency.'" 56 F.4th at 270





(quoting *DeAndade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)); *see also Fashakin v. Nextel Commc'ns*, No. 05-CV-3080 (RRM), 2009 WL 790350, at *11 (E.D.N.Y. Mar. 25, 2009) ("[A] collateral attack based on a legal, not factual, challenge to the validity of a particular debt that was accurately reported to the credit bureau" does not "establish a violation of § 1681i's 'reasonable reinvestigation' requirement."). In *Sessa v. Trans Union, LLC*, No. 22-87, 2023 WL 4552571 (2d Cir. July 17, 2023), the Second Circuit confirmed that the existence of a legal dispute regarding whether a debt is owed may mean, as it did in *Mader*, that the debt is not "sufficiently objectively verifiable to render [the plaintiff's] credit report 'inaccurate' under the FCRA." *Id.* at *3 (quoting *Mader*, 56 F.4th at 270). Plaintiff has thus "failed to allege an inaccuracy within the plain meaning of" the FCRA. *Mader*, 56 F.4th at 270.

Second, Plaintiff has not sufficiently pleaded that the injuries he purportedly suffered were caused by the CRA Defendants. Indeed, it is far more likely that any purported denial of credit, allegedly reflected in Exhibit A attached to the amended complaint, was caused by Plaintiff's refusal to pay his debt, which occurred because Plaintiff inexplicably believed that executing a promissory note is payment in full for the debt owed. Am. Compl. ¶ 38. For these reasons, Plaintiff's libel claim also fails. Moreover, it is well settled that claims for libel resulting from purportedly inaccurate credit reporting are preempted by the FCRA. *See Dorce v. Toyota Fin. Servs.*, No. 19CV6008LDHRER, 2020 WL 6746838, at *4 (E.D.N.Y. Nov. 17, 2020) ("where a defamation claim relates to allegations of false credit reporting, the claim is preempted by the FCRA") (citing *MacPherson v. J.P. Morgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011)).

For these reasons, the CRA Defendants respectfully requests that the Court grant its request for a pre-motion conference.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Dustin P. Mansoor*

Dustin P. Mansoor