UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mario E. Castro,<br><br>Plaintiff),<br><br>vs.<br><br>NewRez LLC D.B.A. SHELLPOINT MORTGAGE SERVICING, THE BANK OF NEW YORK MELLON, INC., REAL TIME SOLUTIONS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX, INFORMATION SERVICES, LLC, et al.<br><br>Defendant(s). | Case No.: 2:22-cv-02211-BHH-MGB<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITION TO CRA DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

NOW COMES Plaintiff, Mario E. Castro, with reservation of any and all natural secured consumer and constitutional rights, and hereby exercise such rights at all times hereby files his **MEMORANDUM IN SUPPORT OF OPPOSITION TO CRA DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** for the reasons specified below. For any other claims that plaintiff has made in his amended complaint that has not been disputed by the CRA Defendants is considered undisputed facts and must be addressed by the court as such a claim that must proceed in this court as plaintiff incorporates by reference and reiterates his entire amended complaint with the same force and effect as if the same were set fourth at length herein.

### PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' "INTRODUCTION"

Plaintiff objects to the defendant's entire allegations under this section for the reasons specified in this entire opposition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### PLAINTIFF'S RESPONSE AND OBJECTIONS TO

## DEFENDANT "PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS"

Plaintiff objects to this section for the reasons specified in this entire opposition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

## PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' "ARGUMENT" SECTION
## OBJECTIONS TO DEFENDANTS' SECTION "I" (PLAINTIFF'S § 1681e(b) AND § 1681i CLAIMS FAIL BECAUSE THERE IS NO ACTIONABLE INACCURACY)

Plaintiff incorporates by reference all the information presented in this entire memorandum/opposition and in his entire amended complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein to include as part of his objections to this entire section of defendants motion to dismiss. Defendants misconstrue plaintiff's complaint by alleging that they, "Liberally construed, Plaintiff's Complaint alleges that the CRA Defendants violated § 1681e(b) of the FCRA by reporting inaccurate information concerning his Shellpoint account" (see…CRA Defendant motion to dismiss at 4). Plaintiff's complaint clearly states that, "Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff (see…ECF No.'s pgs. 16 & 17 at 49)." It can only be construed that the CRA Defendants procedures for maximum possible accuracy are unreasonable or the CRA defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information it was preparing in preparation of a credit report. As a result of the CRA defendants actions, they allowed inaccurate and incomplete information to be reported and disseminated to third parties causing plaintiff damages, injury and harm. The courts have determined that a CRA that conducts unreasonably cursory reinvestigations would not be following reasonable procedures to ensure maximum possible accuracy); ***Burke v. Experian Info. Serv.,*** 2011 WL 1085874, at *7 (E.D. Va. Mar. 18, 2011) (CRA could be liable for §

Page 2 of 14

1681e(b) violation for failing to conduct reasonable investigation); *Campbell v. Experian Info. Solutions, Inc.,* 2009 WL 3834125 (W.D. Mo. Nov. 13, 2009); *Wilson v. CoreLogic Saferent, LLC,* No. 14-CV-2477 (JPO), 2017 U.S. Dist. LEXIS 162928, at *8 (S.D.N.Y. Sep. 29, 2017) ("Whether or not the credit reporting agency followed reasonable procedures 'will be a jury question in the overwhelming majority of cases.'" *Id.* (quoting *Gorman v. Experian Info. Solutions, Inc.,* No. 07 Civ. 1846, 2008 U.S. Dist. LEXIS 94083, 2008 WL 4934047, at *4 (S.D.N.Y. Nov. 19, 2008)); see also *Crabill v. Trans Union, L.L.C.,* 259 F.3d 662, 664 (7th Cir. 2001) (Because summary judgment is not appropriate unless the reasonableness of the CRA's procedures is "beyond question," reasonableness "is treated as a factual question even when the underlying facts are undisputed.") (emphasis added). The CRA defendants violated 1681i by failing to do a reasonable re-investigation of the information plaintiff disputed as evidenced by his dispute (see…ECF No. 16 at 42-46) even when provided a copy of what is being reported with the other CRA's which clearly shows inconsistency of the information reported therefore is evidence of inaccuracies as the information should be the same across all CRA's to be accurate and complete information. The defendants did nothing more than repeat the information received from the source which in this case is Shellpoint.[1] The reasonableness of the CRA's defendants reinvestigation is for

---

[1] See Cushman v. TransUnion Corp., 115 F.3d 220, 225 (3rd Cir. 1997) (holding that "in order to fulfill its obligation under section 1681i(a) 'a credit reporting agency may be required, in certain [*16] circumstances, to verify the accuracy of its initial source of information.'" (quoting Henson v. CSC Credit Servs., 29 F.3d 280, 287 (7th Cir. 1994)); Dixon-Rollins v. Experian Info. Sols., Inc., 753 F. Supp. 2d 452, 465 (E.D. Pa. 2010) ("Trans Union's failure to properly reinvestigate *Dixon-Rollins's* dispute was not an isolated incident. Indeed, it has repeatedly failed to carry out its statutory duty despite the rejection of the same argument it now repeats and admonishments that its reinvestigations were deficient. In 1997, the Third Circuit instructed Trans Union that it may not just repeat information it receives from the original source, but must do more to verify the credit information. *Cushman*, 115 F.3d at 225. **Since *Cushman* was decided, Trans Union has been repeatedly warned of its statutorily required obligation in conducting a reinvestigation,** *see e.g., Krajewski*, 557 F. Supp. 2d at 616; *Crane*, 282 F. Supp. 2d at 320; *Lawrence*, 296 F. Supp. 2d at 589; *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1083 (D. Or. 2007) **(Trans Union must do more than parrot information received by original source)**; *Lambert v. Beneficial Mortgage Corp.*, No 05-5468, 2007 U.S. Dist. LEXIS 33119, 2007 WL 1309542, at *2 (W.D. Wash. May 4, 2007) (in certain circumstances a consumer reporting agency may need to verify the accuracy of its initial source of information) (citations omitted), and found liable for noncompliance. *See, e.g., Mullins v. Equifax Info. Servs., LLC*, No. 05-888, 2007 U.S. Dist. LEXIS 62912, 2007 WL 2471080, at *7 n. 11 (E.D. Va. Aug. 27, 2007). Thus, **because Trans Union has been warned of its inadequate reinvestigation practices in prior cases, it may be considered a repeat FCRA offender.** *See Willow*

the jury to decide. (See...*King v. Crossland Sav. Bank,* 111 F.3d 251, 259 (2d Cir. 1997) ("[T]he assessment of reasonableness generally is a factual question to be addressed by the jury.")).

Plaintiff objects to defendants allegations that, "Here, rather than identify any alleged inaccuracy, Plaintiff asserts in conclusory fashion that CRA Defendants reported inaccurate information on Plaintiff's consumer report. Plaintiff does not identify the allegedly inaccurate information the CRA Defendants are alleged to have included in his credit file or how the information was inaccurate." Defendant's arguments fail because plaintiff identifies several inaccuracies in his amended complaint which is incorporated by reference in its entirety. One of the inaccuracies is that balances are being reported when plaintiff states that the mortgage has been paid by the deposit of his note with the local federal reserve agent which the law supports that such deposited notes are backed by Federal Reserve Notes not any alleged vapor money theories.

---

*Inn, Inc., v. Public Serv. Mut. Ins. Co.*, 399 F.3d 224, 232 (3d Cir. 2005) (recidivist behavior relates to defendant's conduct as to non-parties).") (emphasis added); see also Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993) ("In a reinvestigation of the accuracy of credit reports [pursuant to § 1681i(a)], a credit bureau must bear some responsibility for evaluating the accuracy of information obtained from subscribers."). The court in *Cushman* noted that to only require the credit reporting agency to go to the furnisher of information would replicate the requirements of section 1681e(b), and such a reading would render the two sections largely duplicative of each other. Id. Receiving notification of a dispute from a customer shifts the responsibility of reinvestigation onto the credit reporting agency, and the statutory responsibility imposed on the credit report agency **"must consist of something more than merely parroting information received from other sources**...Given the standard articulated in *Cushman* and Experian's claimed sole reliance on the information it received from HSBC, a jury could conclude that Experian did not reinvestigate Plaintiff's dispute in accordance with the requirements of 15 U.S.C. § 1681.") (emphasis added); Carlisle v. Nat'l Commercial Services, Inc., 2016 WL 4544368, at *7 (N.D. Ga. July 22, 2016), adopted, 2016 WL 4532219 (N.D. Ga. Aug. 29, 2016) (when consumer disputes and CRA conducts cursory investigation, reporting of same dispute information violates § 1681e(b)); Lazarre v. JP Morgan Chase Bank (Lazarre II), 780 F. Supp. 2d 1330 (S.D. Fla. 2011) (violation of § 1681i(a) logically entails violation of § 1681e(b); Saindon v. Equifax Info. Serv., 608 F. Supp. 2d 1212, 1217 (N.D. Cal. 2009) ("In its motion and declarations, [Equifax] does lay out a string of application procedures that include both automated and manual checks by the agency. But giving all reasonable inferences to the plaintiff, the monitoring and reinvestigation procedures could be seen as quite limited. The procedures could beseen by a jury as merely basic automated checks that catch missing data fields on submitted forms, which do not go to the heart of whether a source of information is trustworthy. For example, when a consumer files a complaint contesting the accuracy of an item on his or her credit report, the sole action taken by Equifax is to contact the source of the information to verify if it is accurate. If the source says that it is, the inquiry ends . . . This does virtually nothing to determine the actual credibility of the source which is what plaintiff asserts is lacking—or so a jury could reasonably conclude. While defendant does have some procedures that include a manual review of some disputes, a jury could reasonably find that almost none of the procedures include a review of the integrity of the information source itself. "), Sharf v. TransUnion, L.L.C., 2015 WL 6387501 (E.D. Mich. Oct. 22, 2015) (student loan servicer willfully violated FCRA by failing to conduct any investigation, deferring entirely to lender to determine accuracy), Saenz v. Trans Union, L.L.C., 2007 WL 2401745, at *7 (D. Or. Aug. 15, 2007) (when CRA is on notice that information is suspect, "it is not reasonable for the [CRA] simply to verify the creditor's position without additional investigation") White v. Trans Union, 462 F. Supp. 2d 1079 (C.D. Cal. 2006) (rejecting argument that confirmation of the accuracy of information from its original source is a reasonable inquiry as a matter of law).

Defendants did not and cannot dispute the law therefore it is an undisputed fact. The requests for an authenticated accounting filed on the record by the plaintiff further evidences that there is not debts owed on the mortgage account as Shellpoint, The Bank of New York Mellon, nor Real Time Resolutions, Inc. have produced and authenticated accounting that can prove otherwise as they have all failed to produce an authenticated accounting from a certified accountant testifying under penalty of perjury that there is a balance on the accounts that can be authenticated or have been authenticated. Defendants failed to address that paragraph 32 of plaintiff's amended complaint further specifies inaccuracies. Because in accords with the law, the mortgage has been paid by the deposit of plaintiff's note in March of 2006, the information reported such as, Past Due Amount, Payment Status, Comments, Date Last Active, Date of Last Payment and Payment History Grid , etc. are clearly inaccurate and incomplete information that is being reported. Plaintiff is not aware of any vapor money nor sovereign citizen movement as plaintiff not a part of such a group or movement. The cases referenced by the defendants are not applicable to this matter nor the plaintiff as he is not a party to those cases and these cases do not reference any of the laws presented by the plaintiff in this case that was addressed in any of the cases referenced by the defendants. Plaintiff has not stated that his signature creates money to even be alleged to be categorized as part of the alleged movement, only that once the promissory note is deposited, Federal Reserve Notes which are used in the United States of America to pay all debts both private and public are issued to the bank on behalf of the borrower which appears to be the plaintiff in this case. The Plaintiff's note is backed by Federal Reserve Notes as evidenced by the Laws to which plaintiff has provided judicial notice of (see…ECF NO. 16 at 87-124, Plaintiff's Exhibit D). These Federal Reserve Notes are not issued to the plaintiff which is why the original lender failed to disclose this information.

  Defendants allege that, "Second, Plaintiff states that "Trans Union is showing a date opened

of 3-7-2006 but Experian and Equifax are reporting a date of 3-1-2006 which is clearly inaccurate". Plaintiff does not state how or why this information is inaccurate or which date is correct. Perhaps more importantly, Plaintiff fails to allege that this "inaccuracy" is materially misleading in such a way that it would have an adverse effect on credit decisions". (See…CRA Defendants motion to Dismiss at 6). The court can liberally construe that such reporting of multiple open dates are materially misleading as it shows that a loan was opened on multiple dates. Such reporting effects the accuracy of the information as it relates to the date the mortgage was opened. This court can further liberally construe that such misleading information effects credit decisions as supported by the finding of congress. Section 1681(a)(1) prescribes that, "The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." All information reported plays as a factor in the credit scoring therefore inaccuracies effect credit decisions.

The CRA defendants were all aware of what each CRA was reporting therefore was put on notice. Their failure to report the same results is clear evidence that the information reported is inaccurate, and incomplete information as they should be the same information across the three CRA's especially if the CRA defendants conducted a reasonable reinvestigation but it is clear by the record of this case the information is not the same across all three CRA's. For these reasons, defendants' arguments fail. Plaintiff has state facts not conclusions of law and therefore have stated claims to which relief can be granted.

### OBJECTIONS TO DEFENDANTS' SECTION "II" (PLAINTIFF'S FAILURE TO PLEAD THAT CRA DEFENDANTS' PROCEDURES AND REINVESTATION ARE UNREASONABLE IS FATAL TO HIS FCRA CLAIMS)

Plaintiff incorporates by reference all the information presented in this entire memorandum/opposition and in his entire amended complaint as though fully stated herein with the

same force and effect as if the same were set forth at length herein to include as part of his objections to this entire section of defendants motion to dismiss. Technically accurate information is sufficiently misleading as well and has an adverse effect on the plaintiff as presented in his amended complaint evidenced by Exhibit A denial (see…ECF No. 16 at 31-34, Exhibit A). Technically accurate information is a question for the jury to decide as numerous courts have determined that, "the question whether technically accurate information is sufficiently misleading to have adverse effect is generally a question for the jury". *Hauge v. AmeriHome Mortg. Co.,* **565 F. Supp. 3d 1, at 7 (D. Mass. 2021);** *Beseke v. Equifax Info. Servs.,* **420 F. Supp. 3d, at 891, 892 (D. Minn. 2019);** *Taylor v. Screening Reports, Inc.,* **No. 13 C 02886, at 9 (N.D. Ill. July 2, 2015);** *Cebrynski v. Wells Fargo Bank,* **No. CV-21-01965-PHX-DJH, at 2-3 (D. Ariz. June 24, 2022);** *Seamans v. Temple Univ.,* **744 F.3d 853, 865 (3d Cir. 2014). ; and** *Dalton ,* **257 F.3d at 415.** Even Incomplete information creates a materially misleading impression when it can be expected to "adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc. ,* **158 F.3d 890, 895 (5th Cir. 1998) ; see also** *Chiang ,* **595 F.3d at 37;** *Koropoulos v. Credit Bureau, Inc.,* **734 F.2d 37, 40 (D.C. Cir. 1984)** (stating that a § 1681e(b) claim can be based on a technically accurate report if the report is sufficiently misleading). The denial letter presented in plaintiffs **Exhibit A** referenced in his amended complaint from "CareCredit" and Rocket Mortgage, who based their decision in part on the credit score and or the information published by the CRA's has on file for the plaintiff therefore played a part in the adverse action, the denial of credit to the plaintiff. It is a fact that there are inconsistencies between the CRA's reports as referenced above in Plaintiff's objections to CRA Defendants section "I". In *Cortez,* **617 F.3d at 709** it was held that, "inconsistencies between two different reports concerning a single consumer is sufficient evidence that procedure are unreasonable which can be liberally construed as a claim in this case (See…ECF No. 16 ¶¶' 2 and 48). A CRA's reliance on information provided by a furnisher or

other source is not "per se reasonable for purposes § 1681e(b)." ***Watson,*** **424 F. Supp. 3d at 247 (quoting *Wilson,* 2017 WL 4357568, at \*4).** Even reliance on information received from a government agency is insufficient to "categorically insulate a CRA from liability." ***Id.*** (cleaned up). Rather, "'reasonableness' under [the] FCRA requires 'context-specific balancing.'" ***Id.*** (quoting ***Wilson,*** **2017 WL 4357568, at \*4**); see also ***Wenning,*** **2016 WL 3538379, at \*16** ("Assessing reasonableness generally requires 'balancing the potential harm from inaccuracy against the burden on the agency of safeguarding against such inaccuracy.'" (quoting ***Houston v. TRW Info. Servs., Inc.,*** **707 F. Supp. 689, 693 (S.D.N.Y. 1989)**)).

Plaintiff has plausibly alleged that the CRA Defendants' reported inaccurate information about him by failing to do a reasonable reinvestigation to report the current status of the mortgage accounts and did not follow reasonable procedure to assure maximum possible accuracy of the information that's being reported as required by law. It is clear that the reasonableness of the CRA Defendants procedures is in question and is material to this case as it is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question."; ***Wilson v. CoreLogic Saferent,*** **LLC, No. 14-CV-2477 (JPO), 2017 U.S. Dist. LEXIS 162928, at \*8 (S.D.N.Y. Sep. 29, 2017)** ("Whether or not the credit reporting agency followed reasonable procedures 'will be a jury question in the overwhelming majority of cases.'" ***Id.*** **(quoting *Gorman v. Experian Info. Solutions, Inc.,*** **No. 07 Civ. 1846, 2008 U.S. Dist. LEXIS 94083, 2008 WL 4934047, at \*4 (S.D.N.Y. Nov. 19, 2008))**; ***Crabill v. Trans Union, L.L.C.,*** **259 F.3d 662, 664 (7th Cir. 2001)** (Because summary judgment is not appropriate unless the reasonableness of the CRA's procedures is "beyond question," reasonableness "is treated as a factual question even when the underlying facts are undisputed.") (emphasis added); see also, ***Wenning,*** **2016 WL 3538379, at \*16 (quoting *Gorman v. Experian Info. Sols., Inc.,*** **No. 07-cv-1846, 2008 WL 4934047, at \*4 (S.D.N.Y. Nov. 19, 2008))** (collecting cases); see also ***Cortez,*** **617 F.3d at 709** ("[T]he

reasonableness of a [CRA]'s procedures is 'normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'" (quoting *Sarver,* **390 F.3d at 971**)); *Crabill v. Trans Union, L.L.C.,* **259 F.3d 662, 664 (7th Cir. 2001)** ("The determination of the 'reasonableness' of the defendant's procedures … is treated as a factual question even when the underlying facts are undisputed. It therefore cannot be resolved on summary judgment unless the reasonableness or unreasonableness of the procedures is beyond question."). The reasonableness of the CRA Defendants is clearly in question here. The fact that the CRA's relied on information provided by another furnisher who's reporting is also in question, it does not establish the absence of a fact issue as to whether CRA's followed reasonable procedures. Determining whether LNRS followed reasonable procedures is a fact-intensive question that must be resolved by a jury.

Accordingly, this Court should allow the trier-of-fact to assess whether CRA's procedures comport with section 1681i and 1681e(b) of the FCRA. Had the CRA's conducted a reasonable reinvestigation, they would have discovered that the mortgage account was not being reported with maximum possible accuracy, that incomplete and inaccurate information was being reported such as the account is being reported inconsistently to all CRA's, is being reported inaccurately as presented in plaintiff's amended complaint especially with a balance which reporting incomplete and inaccurate information, failure to have and follow reasonable procedures for maximum possible accuracy and failure to conduct a reasonable reinvestigation are all violations of the FCRA. The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy about whom the report relates," and to conduct a "good faith investigation into a consumer's notice of dispute," 15 U.S.C. §§ 1681e(b) and 1681i(a). See…*Settles v. Trans Union, LLC,* **No. 3:20-cv-00084 (M.D. Tenn. Nov. 24, 2020).** For these reasons, plaintiff objects to this entire section of Defendants motion to dismiss and any request for dismissal by the CRA's should be denied.

## OBJECTIONS TO DEFENDANTS' SECTION "III" (PLAINTIFF PLEAD NO INJURY TRACEABLE TO CRA DEFENDANTS CONDUCT)

Plaintiff incorporates by reference all the information presented in this entire memorandum/opposition and in his entire amended complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein to include as part of his objections to this entire section of defendants motion to dismiss. It appears that the Defendants are alleging that the plaintiff has not satisfied Article III standing. This argument fails and is meritless because the court was required to determine this based on the information already presented to the court before the case can proceed which this court has already determined that Article III standing exists in this case (see…ECF No. 15 at 3-5) which is hereby incorporates by reference. As presented throughout this opposition, the CRA's have violated the FCRA, are the parties to which inaccurate and incomplete information has been disseminated to third parties which has had an adverse effect to the plaintiff obtaining credit and for all the other reasons specified in his amended complaint. Plaintiff has claimed that no balance is owed as the parties have already received the Federal Reserve notes as payment for the loan of credit since March of 2006 when they accepted and deposited plaintiff's note with the local Federal Reserve Agent and therefore was issued Federal Reserve Notes on behalf of the borrower, the plaintiff as evidenced by law. The Judicial notice presented to this court as evidence.

## OBJECTIONS TO DEFENDANTS' SECTION "IV" (THE FCRA PREEMPTS PLAINTIFF'S DEFAMATION CLAIM WHICH IS INSUFFICIENTLY PLED IN ANY EVENT)

Plaintiff incorporates by reference all the information presented in this entire memorandum/opposition and in his entire amended complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein to include as part of his objections to this entire section of defendants motion to dismiss. CRA Defendants intentionally

failed to do a reasonable investigation/reinvestigation which allows for defamation claims under 15 U.S.C. § 1681h(e) as their acts were recklessly or wantonly done with conscious indifference toward the plaintiff's rights under the FCRA to have a reasonable investigation completed to report accurate information. The CRA defendants acts were done with ill will, intentionally, recklessly, maliciously with the intent to injure the plaintiff as they were in possession of the information that was being reported inconsistently between all CRA Defendants giving them the opportunities to do a reasonable reinvestigation of plaintiff's disputes to correct and or delete the account but have failed to do so. The record clearly shows that if a reasonable investigation was completed, the account would have been reported as paid with a zero balance owed, zero balance past due. With the correct dates. These are facts before the court as evidenced by the plaintiff's amended complaint. These inaccuracies are recognized by the courts as inaccuracies explained and specified throughout this opposition. The record further evidences that under the new law, a note which includes promissory notes are legal tender, are government obligations, and can be deposited with the federal reserve where the federal reserve/comptroller of currency will issue out federal reserve notes in the amount presented on the notes therefore constitutes as payment. There can be no delinquencies, past dues, late payments etc. when the account has already been satisfied as evidenced by the law and plaintiff's amended complaint. This is why Shellpoint nor Real Time Resolutions, Inc. responded with an authenticated record of accounting making the person singing of on the accounting liable for the false allegations when they know federal reserve notes have been received by the bank on behalf of the plaintiff. The amended complaint evidences that plaintiff disputed the accuracy and completeness of the information that the CRA's was reporting notifying all Defendants that there are inaccurate and incomplete information being reported. The CRA defendants failed to do a reasonable reinvestigation of the account information disputed by the plaintiff that they are reporting. The CRA's ignored all signs and continued to report the

inaccurate and incomplete account information to third parties even after being warned by plaintiff's disputes evidencing that inaccurate and incomplete information was being reported evidenced by the inconsistencies in the reporting by all CRA Defendants. These claims are not preempted by the FCRA. **See, e.g.** ***Hoback v. Synchrony Bank,*** **No. 6:19-CV-18, 2019 WL 2438794, at \*4 (W.D. Va. June 11, 2019)** ("Courts assessing defamation claims brought in the context of credit reporting errors and FCRA violations tend to permit such claims to proceed to discovery if plaintiffs assert any allegations beyond 'merely reciting the legal standard.'"). For these reasons, plaintiff has specifically specified and presented to this court sufficient facts related to his defamations claims therefore plaintiff objects to this entire section of defendants motion to dismiss which this court should deny.

## PLAINTIFF'S FURTHER OBJECTIONS

CRA Defendants have produced 20 unpublished cases that plaintiff was not a part of nor does it relate to this matter. The courts have held that unpublished decisions have no precedential value ***Vernet v. Bellmore-Merrick Central High School,*** **343 F. Supp. 2d at 6 (E.D.N.Y. 2004);** Also see... ***In re E. and S. Dist. Asbestos Lit.,*** **772 F. Supp. 1396 (E.D.N.Y. 1991)** ("The Rules of the Second Circuit, however, state that unpublished opinions have no precedential value. Rules of the United States Court of Appeals for the Second Circuit § 0.23 (unpublished decisions are "statements [which] do not constitute formal opinions of the court" and "shall not be cited or otherwise used in unrelated cases before this or any other court")); ***U.S. v. Copeland,*** **369 F. Supp. 2d 48 (E.D.N.Y. 2005)**(" Unpublished decisions were afforded no precedential value. See, e.g., ***Douglas v. INS,*** **28 F.3d 241, 245 (2d Cir. 1994)** (holding that unpublished decisions should not be relied upon as binding precedent in unrelated matters)). For these reasons, plaintiff objects to all the unpublished decisions presented by the defendants in support of their allegations and arguments.

## CONCLUSION

For the reasons set forth in Plaintiff's Memorandum Opposition/Objections, this court should deny the CRA Defendants Motion to dismiss and memorandum in support of motion to dismiss. Dated this 12th day of December, 2023.

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

_____
Mario E. Castro, Propria Persona, Sui Juris
U.C.C.1-308
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by notification from the court via the CM/ECF system to all Registered users identified on the service list. Dated this 12th day of December, 2023.

Without Prejudice"

Mario E. Castro, Propria Persona, Sui Juris
U.C.C.1-308
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com