UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO E. CASTRO,

        Plaintiff,

  -against-

NEWREZ LLC D.B.A. SHELLPOINT MORTGAGE SERVICING, THE BANK OF NEW YORK MELLON, INC., REAL TIME SOLUTIONS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC,

        Defendant.

---

Case No. 2:22-cv-06340-PKC-JMW

**CRA DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

                                                                                                        **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

    I.     PLAINTIFF'S § 1681e(b) AND § 1681i CLAIMS FAIL BECAUSE
          THERE IS NO ACTIONABLE INACCURACY .................................................. 2

    II.    PLAINTIFF'S FAILURE TO ADEQUATELY PLEAD THAT CRA
          DEFENDANTS' PROCEDURES AND REINVESTIGATION ARE
          UNREASONABLE IS FATAL TO HIS FCRA CLAIMS .................................... 4

    III.   PLAINTIFF PLEADS NO INJURY TRACEABLE TO CRA
          DEFENDANTS' CONDUCT ................................................................................ 5

    IV.   THE FCRA PREEMPTS PLAINTIFF'S DEFAMATION CLAIM,
          WHICH IS INSUFFICIENTLY PLED IN ANY EVENT .................................... 6

CONCLUSION ..................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ahmad v. Experian Info. Sols. Inc.*,
   No. 23-CV-2222 (LJL), 2023 WL 8650192 (S.D.N.Y. Dec. 14, 2023) ............................... 3-4

*Guo v. IBM 401(k) Plus Plan*,
   95 F. Supp. 3d 512 (S.D.N.Y. 2015) ................................................................................... 3

*Hoback v. Synchrony Bank*,
   No. 6:19-CV-18, 2019 WL 2438794 (W.D. Va. June 11, 2019) ......................................... 8

*Johnson v. Target Corp.*,
   No. 17-cv-7535 (JS) (AKT), 2019 WL 1227784 (E.D.N.Y. Feb. 12, 2019) ....................... 3

*Khan v. Equifax Info. Servs., LLC*,
   No. 18-CV-6367 (MKB), 2019 WL 2492762 (E.D.N.Y. June 14, 2019) ............................ 4

*Mitchell v. Experian Info. Sols., Inc.*,
   No. 22-cv-5883 (RPK) (RER), 2023 WL 2990479 (E.D.N.Y. Apr. 18, 2023) ................. 3, 7

*Nguyen v. Ridgewood Sav. Bank*,
   No. 14-cv-1058 (MKB), 2015 WL 2354308 (E.D.N.Y. May 15, 2015) .............................. 5

*Peterson v. City of New York*,
   No. 10-cv-7283, 2018 WL 5811432 (S.D.N.Y. Nov. 6, 2018) ............................................ 4

**STATUTES**

15 U.S.C. § 1681, *et seq* ............................................................................................................. 1

15 U.S.C. § 1681e(b) ............................................................................................................. 2, 4

15 U.S.C. § 1681i .................................................................................................................. 2, 4

15 U.S.C. § 1681h(e) ................................................................................................................ 7

**OTHER AUTHORITIES**

Local Civil Rule 7.2 ...........................................................................................................................8

Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") (collectively referred to as the "CRA Defendants"), by and through their undersigned counsel, respectfully submit this reply in support of their Motion to Dismiss.

## INTRODUCTION

In their Memorandum in Support of their Motion to Dismiss ("Memorandum in Support" or "Mem."), the CRA Defendants demonstrated why Plaintiff Mario E. Castro's ("Plaintiff") Amended Complaint ("Complaint" or "Am. Compl.") fails to state a claim. Plaintiff's Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") claims fail because there is no actionable inaccuracy. Mem. at 4-7. Those claims warrant dismissal for the additional, independent reason that Plaintiff fails to plead that the CRA Defendants' procedures and reinvestigation were unreasonable. *Id*. at 7-9. The CRA Defendants also explained why Plaintiff lacks standing. *Id.* at 9-10. Finally, the CRA Defendants explained that Plaintiff's defamation claim is both preempted by the FCRA and insufficiently pled. *Id.* at 10-11.

Plaintiff's Memorandum in Opposition ("Opposition" or "Opp.") is comprised of "Objections" purporting to respond to each of the CRA Defendants' arguments. But Plaintiff's responses confirm, rather than rebut, the fatal deficiencies the CRA Defendants identified in his Complaint. In connection with several arguments, Plaintiff doubles down on the theory that his promissory note is backed by Federal Reserve notes and thus that he paid his debt, a theory rejected by every court to have considered it. The CRA Defendants address Plaintiff's responses in turn below.

# ARGUMENT

I. **PLAINTIFF'S § 1681e(b) AND § 1681i CLAIMS FAIL BECAUSE THERE IS NO ACTIONABLE INACCURACY**

In their Memorandum in Support, the CRA Defendants explained that (1) the Complaint "does not identify the allegedly inaccurate information the CRA Defendants are alleged to have included in his credit file or how the information was inaccurate," and (2) even liberally construed, his Complaint states no claim with respect to the Shellpoint mortgage account. Mem. at 4-7.

In response, Plaintiff states that he "identifies several inaccuracies in his amended complaint." Opp. at 4. But he focuses only on one: that he owes no mortgage debt because "the mortgage has been paid by the deposit of his note with the local federal reserve agent." *Id.* As the CRA Defendants explained in their Memorandum in Support, "Plaintiff's arguments sound heavily in the 'vapor money' theory derived from the 'sovereign citizen' movement." Mem. at 5. Courts routinely reject arguments premised on the theory that any individual can create money. *Id.* at 6 (collecting cases). Plaintiff insists that he "has not stated that his signature creates money," Opp. at 5, but that is belied by his own statements that his promissory note "is backed by Federal Reserve Notes," *id.* In other words, his argument is that a promissory note that he created is backed by real money, and that depositing that note satisfied his mortgage debt. *See also Memorandum of Law in Support of Motion to Dismiss with Prejudice By Defendants The Bank of New York Mellon, Inc. and NewRez LLC d/b/a/ Shellpoint Mortgage Servicing,* at 8-11 (explaining how Plaintiff's legal theory bears the hallmarks of a sovereign citizen theory, despite Plaintiff's professed ignorance of the sovereign citizen movement).[1] Plaintiff cannot satisfy his debt with "vapor money," and his claim that the CRA Defendants reported inaccurate information by not crediting his flawed legal theory necessarily fails. *See* Mem. at 5-6 (collecting cases rejecting similar claims).

---

[1] This Memorandum will be filed with the Court on or before February 16, 2024. *See* Order of Dec. 23, 2023.

In their Memorandum in Support, the CRA Defendants also explained why Plaintiff's other alleged inaccuracy—his allegation that "Trans Union is showing a date opened of 3-7-2006 but Experian and Equifax are reporting a date of 3-1-2006," *see* Am. Compl. ¶ 29—is insufficient to state a claim. Mem. at 6-7. In response, Plaintiff states: "The court can liberally construe that such reporting of multiple open dates are materially misleading as it shows that a loan was opened on multiple dates. Such reporting effects [sic] the accuracy of the information as it relates to the date the mortgage was opened." Opp. at 6. But the Complaint's allegation is not that each of the CRA Defendants is reporting "multiple open dates," but that Trans Union is reporting a "date opened" that is six days later than the date being reported by Experian and Equifax. *See* Am. Compl. ¶ 29. Plaintiff cannot change his Complaint's allegations via his Opposition here. *See Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 526 (S.D.N.Y. 2015) ("[A] complaint cannot be amended merely by raising new facts and theories in a plaintiff's opposition papers.") (cleaned up); *Johnson v. Target Corp.*, No. 17-cv-7535 (JS) (AKT), 2019 WL 1227784, at *6 (E.D.N.Y. Feb. 12, 2019), *report and recommendation adopted*, 2019 WL 1253467 (E.D.N.Y. Mar. 13, 2019) (where a plaintiff is pro se, "[c]onsideration of allegations contained in Plaintiff's opposition … is limited to allegations which are 'consistent' with those made in the Amended Complaint").

As to the alleged six-day discrepancy in dates across different CRAs, the Complaint's allegation is akin to the allegation of inaccuracy deemed insufficient in *Mitchell*, because Plaintiff does not specify "why [the information] was allegedly false, or any other information that could support such a claim." *Mitchell v. Experian Info. Sols., Inc.*, No. 22-cv-5883 (RPK) (RER), 2023 WL 2990479, at *3 (E.D.N.Y. Apr. 18, 2023). *See also* Mem. at 6. It is not enough for Plaintiff to "identify the specific information on his credit report that is inaccurate"; he must also "explain why the identified information is inaccurate." *See Ahmad v. Experian Info. Sols. Inc.,* No. 23-cv-

-3-

2222 (LJL), 2023 WL 8650192, at *5 n.5 (S.D.N.Y. Dec. 14, 2023) (citing multiple cases).

Moreover, while Plaintiff asserts that "[t]his court can … liberally construe that such misleading information effects [sic] credit decisions as supported by the finding of Congress," Opp. at 6 (citing 15 U.S.C. § 1681(a)(1)), his Complaint "fails to allege that this 'inaccuracy' [a difference of 6 days in "date opened"] is materially misleading in such a way that it would have an adverse effect on credit decisions," Mem. at 6.  *See also infra* Section III (explaining that any injury Plaintiff may have suffered arises from his failure to pay his debt). Plaintiff is entitled to have his Complaint liberally construed, but his Complaint still "must conform to the pleading requirements of the Federal Rules and is subject to dismissal if [it] fails to allege sufficient facts from which this Court could reasonably interpret a plausible claim." *Peterson v. City of New York*, No. 10-cv-7283, 2018 WL 5811432, at *3 (S.D.N.Y. Nov. 6, 2018).  Here, Plaintiff has plainly failed to "allege[] facts showing that the information [the CRA Defendants] reported about him is inaccurate." *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *4 (E.D.N.Y. June 14, 2019).  That failure compels dismissal of his § 1681e(b) and § 1681i claims.  *See id.*

**II.  PLAINTIFF'S FAILURE TO ADEQUATELY PLEAD THAT CRA DEFENDANTS' PROCEDURES AND REINVESTIGATION ARE UNREASONABLE IS FATAL TO HIS FCRA CLAIMS**

In their Memorandum in Support, the CRA Defendants explained a second, independent basis for dismissal: the Complaint "fails to allege any facts from which it can be determined that CRA Defendants did not follow reasonable procedures for ensuring maximum possible accuracy of the information reporting in his credit file or any facts concerning the reasonableness of CRA Defendants' reinvestigation of Plaintiff's disputes." Mem. at 7.  Plaintiff responds that he adequately alleged that the CRA Defendants' "procedures for maximum possible accuracy are unreasonable or the CRA Defendants failed to follow reasonable procedures to assure maximum

-4-

possible accuracy of the information it was preparing in preparation of a credit report." Opp. at 2. But Plaintiff's basis for why he has adequately pled unreasonableness of procedures is that he has alleged that the CRA Defendants "allowed inaccurate and incomplete information to be reported and disseminated." Opp. at 2.

Plaintiff is wrong because inaccurate information and reasonableness of procedures are different elements, both of which must be pled. *See Nguyen v. Ridgewood Sav. Bank*, No. 14-cv-1058 (MKB), 2015 WL 2354308, at *10 (E.D.N.Y. May 15, 2015) ("Merely reporting inaccurate information is insufficient to give rise to liability under the FCRA, as the Act is not a strict liability statute.") (collecting cases). These cases recognize that as long as CRAs maintain reasonable procedures, there is no liability for reporting inaccurate information. "Courts routinely dismiss claims under both Sections 1681e(b) and 1681i where the complaint fails to specify which procedures were unreasonable and why." Mem. at 8 (collecting cases). Plaintiff asserts that "[t]he reasonableness of the CRA's defendants [sic] reinvestigation is for the jury to decide," but that is not true where, as here, a claim for relief is inadequately pled and is thus subject to dismissal at the pleadings stage, as multiple courts have done in this district and within the Second Circuit. Opp. 3-4. Plaintiff fails to point the Court to where in his Complaint he discussed the specific procedures that were unreasonable and how they were unreasonable. That failure is an independent basis on which to dismiss his FCRA claims.

### III.  PLAINTIFF PLEADS NO INJURY TRACEABLE TO CRA DEFENDANTS' CONDUCT

In their Memorandum in Support, the CRA Defendants demonstrated why Plaintiff lacks Article III standing. Mem. at 9-10 (citing *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016)). Plaintiff claims various damages as a result of "the wrongful conduct," Am. Compl. ¶ 51, but these damages, even assuming they exist, cannot be fairly traced to the CRA Defendants' actions.

"Plaintiff neither pleads an actual inaccuracy nor sufficiently details unreasonable procedures." Mem. at 10. "Injury to him, if any, is because of his refusal to pay his debts, relying on a vapor money theory that courts categorically reject." *Id.*

In response, Plaintiff states that the Court "has already determined that Article III standing exists in this case." Opp. at 10 (citing ECF No. 15 at 3-5). Plaintiff is mistaken. The Order he cites simply granted Plaintiff leave to amend his Complaint, and the Court explicitly stated that it found "no error with the Magistrate Judge's finding that, upon the allegations of the original Complaint, this Court lacks subject matter jurisdiction to adjudicate this case." ECF No. 15 at 7-8. In defense of his claim to standing, Plaintiff states "that no balance is owed as the parties have already received the Federal Reserve notes as payment for the loan of credit since March of 2006 when they accepted and deposited plaintiff's note with the local Federal Reserve Agent and therefore was issued Federal Reserve Notes on behalf of the borrower, the plaintiff as evidenced by law." Opp. at 10. Far from being a coherent allegation that the CRA Defendants caused injury to Plaintiff, this is just a repetition of the "vapor money" theory that courts reject. If anything, Plaintiff's persistent reliance on this theory demonstrates that any injury to him in the form of lost credit is a result of his failure to pay his debts, not any actions by the CRA Defendants. Having failed to allege an injury traceable to the actions of the CRA Defendants, Plaintiff lacks standing to sue the CRA Defendants.

### IV. THE FCRA PREEMPTS PLAINTIFF'S DEFAMATION CLAIM, WHICH IS INSUFFICIENTLY PLED IN ANY EVENT

The CRA Defendants explained in their Memorandum in Support that Plaintiff's common law claim for defamation and libel is both preempted by the FCRA and insufficiently pled. *See* Mem. at 10-11 (citing *Mitchell*, 2023 WL 2990479, at *3). In response, Plaintiff claims: "The CRA defendants acts [sic] were done with ill will, intentionally, recklessly, maliciously with the

intent to injure the plaintiff as they were in possession of the information that was being reported inconsistently between all CRA Defendants giving them the opportunities to do a reasonable reinvestigation of plaintiff's disputes to correct and or delete the account but have failed to do so." Opp. at 11.  Plaintiff states that "[t]here can be no delinquencies, past dues, late payments etc. when the account has already been satisfied as evidenced by the law and plaintiff's amended complaint."  *Id.*  Plaintiff's claim, basically, is that the CRA Defendants are liable for defamation for continuing to report information that he told them was "inaccurate and incomplete," based on his vapor money theory.  *Id.* at 10-12.

Plaintiff's response is woefully inadequate with respect to both preemption and pleading. With respect to preemption, Plaintiff insists that the CRA Defendants acted with malice, but fails to explain which factual allegations permit "an inference of malice on [the CRA Defendants'] part." *Mitchell*, 2023 WL 2990479, at *3.  Plaintiff further states that the CRA Defendants "ignored all signs" that the information was inaccurate, but fails to specify what those "signs" were, beyond insisting that the promissory note is "legal tender" that satisfied his debt.  Opp. at 11.  A mere allegation that the CRA Defendants furnished false information does not permit this Court to reasonably infer that the CRA Defendants intended to injure Plaintiff.  Plaintiff's claims are thus preempted under 15 U.S.C. § 1681h(e).  *See Mitchell*, 2023 WL 2990479, at *3.

With respect to Plaintiff's failure to plead defamation with the requisite specificity, Plaintiff simply asserts that "plaintiff has specifically specified [sic] and presented to this court sufficient facts related to his defamations claims [sic]."  Opp. at 12.  When assessing "whether a defamation claim has been plead with sufficient particularity, courts look to whether [the] complaint references the alleged defamatory statement, identifies who made the statement, when it was made, the context in which it was made, whether it was made orally or in writing and whether

it was made to a third party." *Mitchell*, 2023 WL 2990479, at *3 (quotation marks omitted) (alteration in original). As the CRA Defendants explained, "there is not a single fact which gives the CRA Defendants notice or any indication as to what the defamatory statement was, when it was made or the context in which it was made." Mem. at 11. For this reason, too, Plaintiff fails to state a defamation claim.

In an attempt to rescue that claim, Plaintiff cites *Hoback v. Synchrony Bank*, No. 6:19-cv-18, 2019 WL 2438794, at *4 (W.D. Va. June 11, 2019). But even that out-of-Circuit case requires a plaintiff to "allege[] more than a recitation of the standard of willful or malicious conduct" to avoid FCRA preemption. *Id.* at 5. Plaintiff yet again invokes the incoherent theory that he satisfied his debt "in the form of a 'promissory note' (Note) which was accepted as collateral for the loan of credit in accords with the law, the Federal Reserve Act as the Note could be deposited in exchange for federal reserve bank notes which has equal value of what was lent to the plaintiff." Am. Compl. ¶ 38. Even assuming that the CRA Defendants were aware that Plaintiff challenged the accuracy of his debt on the basis of this difficult-to-follow theory, it is hard to see how their decision to continue to report the debt, notwithstanding Plaintiff's dispute, could be deemed malicious.[2]

## **CONCLUSION**

For the foregoing reasons, and for the reasons given in their Memorandum in Support, the CRA Defendants respectfully request that the Court enter an order dismissing Plaintiff's Complaint with prejudice. Plaintiff already had one opportunity to amend his Complaint, and

---

[2] Plaintiff objects to the CRA Defendants' citation of unpublished cases. Opp. at 12. But such cases may be cited, even where a pro se litigant is the non-moving party, as long as the pro se litigant is provided with copies of the cited cases. *See* Local Civil Rule 7.2. The CRA Defendants complied with that obligation, providing Plaintiff with copies of all unpublished cases cited in their Memorandum in Support. While it is true that unpublished Second Circuit decisions do not bind district courts, the CRA Defendants did not cite or rely upon any unpublished Second Circuit decision in their Memorandum in Support. In any event, no rule prevents such decisions from being cited.

further amendments would be futile.

Dated: New York, New York
January 12, 2024

Respectfully submitted,

*/s/ Victoria Dorfman*
Victoria Dorfman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 879-3939
vdorfman@jonesday.com

*/s/ Julius I. Kairey*
Julius I. Kairey
JONES DAY
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-3939
jkairey@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus
Quilling, Selander, Lownds,
 Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, Indiana 46290
Tel.: (317) 497-5600
cnicodemus@qslwm.com

*Counsel for Defendant Trans Union, LLC*

*/s/ Adam T. Hill*
Adam T. Hill
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Tel.: (312) 460-5000
ahill@seyfarth.com

*Counsel for Defendant Equifax Information*
*Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, I served the foregoing CRA DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), along with copies of the cases and other authorities cited in this memorandum that are unpublished or reported exclusively on computerized databases, via U.S. Mail to the following:

>Mario E. Castro, *pro se*
>419 West Hills Road
>Melville, NY 11747

>*/s/ Victoria Dorfman*
>Victoria Dorfman
>
>*Counsel for Defendant*
>*Experian Information Solutions, Inc.*

10