UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
MARIO E. CASTRO,

          Plaintiff,

 v.

NEWREZ LLC D.B.A. SHELLPOINT MORTGAGE SERVICING; THE BANK OF NEW YORK MELLON, INC.; REAL TIME SOLUTIONS, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC, et al.
          Defendants.
-------------------------------------------------------------------x

Case No. 2:22-cv-06340-PKC-JMW

# REPLY IN SUPPORT OF MOTION TO DISMISS *WITH PREJUDICE* BY DEFENDANTS THE BANK OF NEW YORK MELLON, INC. AND NEWREZ LLC D/B/A/ SHELLPOINT MORTGAGE SERVICING

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

   A.  Service of Process Was Insufficient. ............................................................................ 1

   B.  Mr. Castro Fails to State a Claim for Relief Against Shellpoint and BoNYM. ................... 2

      i.   Mr. Castro Concedes His FCRA Claim Is Premised On Frivolous Legal Theories ........ 2

      ii.  Mr. Castro Concedes There Is No Private Right of Action Under 1681s-2(a). ............... 3

      iii. Mr. Castro's Defamation Claim is Preempted by FCRA. ................................................ 4

      iv.  A Promissory Note is Not a Consumer Good Under the UCC. ....................................... 5

   C.  Mr. Castro Lacks Article III Standing. ............................................................................ 5

III. CONCLUSION .................................................................................................................... 6

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dorce v. Toyota Financial Services*,
   No. 19CV6008LDHRER, 2020 WL 6746838 (E.D.N.Y. Nov. 17, 2020) ................................4

*Macpherson v. JPMorgan Chase Bank, N.A.*,
   665 F.3d 45 (2d Cir. 2011)..............................................................................................................4

*McGee v. WebBank Inc.*,
   No. 19-CV-549 (BMC) (LB), 2019 WL 1458217 (E.D.N.Y. Apr. 2, 2019).............................4

*Mitchell v. Experian Information Solutions, Inc.*,
   No. 22-cv-5883, 2023 WL 2990479 (E.D.N.Y. Apr. 18, 2023) ..................................................4

*Narayanan v. Garland*,
   No. 22-CV-5661 (EK)(LB), 2023 WL 6307872, at *5, n. 5 (E.D.N.Y. Sept. 28, 2023)...........2

*Sun v. Mashantucket Pequot Gaming Center*,
   309 F.R.D. 157, 165 (D. Conn. 2015)..........................................................................................2

**Statutes**

15 U.S.C. § 1681s-2(a) ...........................................................................................................................3

FCRA ............................................................................................................................................. passim

NY UCC...................................................................................................................................................5

NY UCC § 9-102(a)(23) .........................................................................................................................5

NY UCC § 9-102(a)(44) .........................................................................................................................5

UCC ......................................................................................................................................................1, 5

**Rules**

Fed. R. Civ. P. 12(h)(1)..........................................................................................................................2

*Fed. R. Civ. P. 16(b)(6)*..........................................................................................................................3

## I. INTRODUCTION

Mr. Castro's opposition to Shellpoint and BoNYM's motion to dismiss merely confirms the exact reasons this Court should dismiss his complaint with prejudice. Mr. Castro failed to properly serve Shellpoint and BoNYM with process, but even if he had, his entire FCRA and defamation claims are premised on his mistaken belief that executing a promissory note somehow constitutes payment in full of his loan. Similar arguments have been universally rejected by courts across the country, which have found such arguments to be frivolous. Mr. Castro's NY UCC/UCC claim is meritless as the UCC does not apply to interests in real property and a promissory note is not a "consumer good" as Mr. Castro claims. Finally, there can also be no question that any injury Mr. Castro purportedly suffered was due to his own refusal to pay his debt, and ***not*** on any purported conduct of Shellpoint or BoNYM. Mr. Castro lacks standing to pursue his claims. This Court should dismiss Mr. Castro's complaint with prejudice.

## II. ARGUMENT

### A. Service of Process Was Insufficient.

Mr. Castro does not dispute that he did not personally serve Shellpoint or BoNYM with service of process. Nor does he dispute that his attempted service of process did not comply with New York's requirements for service by first class mail. Instead, Mr. Castro argues this Court has already determined service of process was proper and that Shellpoint and BoNYM waived service of process by filing their motion to dismiss. Mr. Castro is wrong on both counts.

This Court has not already held service of process was proper. Mr. Castro filed a document titled "Motion for Enlargement of Time" on June 30, 2023. [ECF No. 36]. That motion is dated June 27, 2023. In his motion, Mr. Castro sought an extension of time to "properly serve notice of summons and complaint . . . and to file with the court [ ] affidavits of service . . ." *Id.* The very

1

same day, Mr. Castro filed a document titled "Amended Proof of Service on Defendants." [ECF No. 35]. This document is dated June 29, 2023, two days *after* Mr. Castro sought leave to reserve defendants. In light of this second filing, by paperless order dated July 10, 2023, the Court denied Mr. Castro's motion. In doing so, the Court did not hold that service of process was proper, only that Mr. Castro's motion was moot because, through the Amended Proof of Service filed at ECF No. 35, Mr. Castro had already done exactly what he requested an extension of time to do.

Mr. Castro also wrongly asserts Shellpoint and BoNYM waived service of process by appearing in this action. So long as a defendant raises the defense of insufficient service of process by either (1) asserting the defense in a pre-responsive pleading motion, as Shellpoint and BoNYM did here, or (2) including the defense in a responsive pleading the defense is not waived. See Fed. R. Civ. P. 12(h)(1); *see also Narayanan v. Garland*, No. 22-CV-5661 (EK)(LB), 2023 WL 6307872, at *5, n. 5 (E.D.N.Y. Sept. 28, 2023) (citing *Sun v. Mashantucket Pequot Gaming Center*, 309 F.R.D. 157, 165 (D. Conn. 2015) ("A defendant may assert an improper-service defense in a pre-answer motion . . . defendants who raised improper-service defense in a motion to dismiss – their first responsive pleading – 'did not waive the right to assert this defense.'"). And contrary to Mr. Castro's claims, "actual notice is not sufficient to cure improper service." *Narayanan*, 2023 WL 6307872 at *5.

**B.      Mr. Castro Fails to State a Claim for Relief Against Shellpoint and BoNYM.**

i.      Mr. Castro Concedes His FCRA Claim Is Premised On Frivolous Legal Theories

Mr. Castro's FCRA claim (and his defamation/libel claim) is premised on his belief that the credit reporting showing him as delinquent is inaccurate because he does not owe any debt as the promissory note he executed was payment in full of his debt. FAC ¶¶ 38-39, 66, and Request for Judicial Notice. In opposition, Mr. Castro merely restates these same arguments again and

2

again repeatedly arguing "[t]he loan makes it clear that the 'Notes' are backed by Federal Reserve Notes." *See, e.g.,* Opp. at 5. But as discussed in Shellpoint and BoNYM's memorandum in support of their motion to dismiss, this argument sounds heavily in the "vapor money theory" (and other frivolous legal theories) espoused by the sovereign citizen movement and which courts across the country have rejected as frivolous. *See* Mem. At 8-11 (collecting cases); *see also CRA Defendant's Memorandum of Law in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 16(b)(6)*, [ECF No. 65] at 5-6. A promissory note is not payment in full of Mr. Castro's debt, and Mr. Castro does not allege he otherwise paid his debt in full. His FCRA claim, which is premised entirely on these frivolous legal theories, fails and should be dismissed with prejudice.

      ii.      <u>Mr. Castro Concedes There Is No Private Right of Action Under 1681s-2(a)</u>.

Mr. Castro's argument is confusing and hard to follow, but it appears he is arguing he can state a FCRA claim based on his 2019 "direct dispute" because that "direct dispute" put Shellpoint on notice that he disputed the credit reporting and gave rise to Shellpoint's obligations to report the debt as disputed. Opp. at 10 12. He also now appears to claim Shellpoint violated FCRA by failing to notify him within 5 days that his dispute was frivolous. Opp. at 12-13. Setting aside for a moment the facts that (1) the "direct dispute" is not a dispute at all; (2) there is no private right of action for direct disputes; (3) any claim based on the direct dispute is time-barred; and (4) Mr. Castro's dispute was meritless, (*see* Mem. at 11-13); the alleged violations Mr. Castro now asserts in his opposition are purported violations of 15 U.S.C. § 1681s-2(a). *See* §§ 1681s-2(a)(3) (duty to report information as disputed) and 1681s-2(a)(F)(ii) (duty to notify consumer a dispute is frivolous). But Mr. Castro concedes there is no private right of action for any alleged violations of 15 U.S.C. § 1681s-2(a). Opp. at 10; *see also* Mem. at 11. Any FCRA claim based on purported violations of § 1681s-2(a) must be dismissed with prejudice.

74897007;1

      iii.      Mr. Castro's Defamation Claim is Preempted by FCRA.

Mr. Castro argues his defamation claim is not preempted by FCRA. His arguments are flatly contradicted by binding Second Circuit precedent. *Macpherson v. JPMorgan Chase Bank, N.A.,* 665 F.3d 45, 48 (2d Cir. 2011) (holding plaintiff's tort claims were preempted by § 1681t(b)(1)(F)); *see also McGee v. WebBank Inc.,* No. 19-CV-549 (BMC) (LB), 2019 WL 1458217, at *2 (E.D.N.Y. Apr. 2, 2019) ("the Second Circuit has held that the plain language of § 1681t(b)(1)(F) preempts state statutory and common law tort claims that relate to allegations of false reporting."); *Dorce v. Toyota Financial Services,* No. 19CV6008LDHRER, 2020 WL 6746838, at *4 (E.D.N.Y. Nov. 17, 2020) ("where a defamation claim relates to allegations of false credit reporting, the claim is preempted by the FCRA."). Apart from citing outdated and irrelevant case law, Mr. Castro does nothing to refute or otherwise distinguish the Second Circuit's holding in *MacPherson* or this Court's holdings in *McGee* and *Dorce*.

To the extent Mr. Castro attempts to argue his claim is not preempted because Shellpoint and/or BoNYM acted with malice, this argument also fails as Mr. Castro failed to plead any conduct supporting "an inference of malice on [Shellpoint and/or BoNYM's] part." *See Mitchell v. Experian Information Solutions, Inc.*, No. 22-cv-5883, 2023 WL 2990479, at *3 (E.D.N.Y. Apr. 18, 2023). Mr. Castro alleges only that "the defendants intentionally reported . . . inaccurate information . . . that they knew or should have known was false, misleading, inaccurate, unverified, and/or the correct nature of the accounts." FAC ¶ 73. As discussed above, there is no basis whatsoever to conclude the information reported was inaccurate. But even so, Mr. Castro fails to allege a single fact supporting a defamation claim, let alone any factual allegations demonstrating any malice. *See Mitchell*, 2020 WL 2990479 at *3 ("the alleged defamatory statements must be pleaded with sufficient specificity to put the defendants on notice").

Mr. Castro's defamation claim is preempted by FCRA.

### iv. A Promissory Note is Not a Consumer Good Under the UCC.

Conceding neither the model UCC (which is not applicable to this case (*see* Mem. at 14)) nor the NY UCC apply to interests in real property, Mr. Castro now tries to save his deficient claim by arguing it is based on the promissory note and a promissory note is a "consumer good," not an interest in real property. Opp. at 16-17. Not so. Under the NY UCC, a "consumer good" is defined as "goods that are used or bought for use primarily for personal, family, or household purposes." NY UCC § 9-102(a)(23). The term "goods," in turn, expressly excludes "instruments" from its definition. NY UCC § 9-102(a)(44). A promissory note is an "instrument" under the NY UCC. *See* § 9-102(a)(47) (defining an instrument as "a negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation, is not itself a security agreement or lease, and is of the type that in ordinary course of business is transferred by delivery with any necessary indorsement or assignment"); and § 9-102(a)(65) (defining promissory note as "an instrument that evidences a promise to pay a monetary obligation"). Because a promissory note is not a "good" this argument fails.

### C. Mr. Castro Lacks Article III Standing.

Mr. Castro's claims are entirely premised on derogatory credit reporting, which was a direct result of Mr. Castro's own failure to pay his debts based on his mistaken belief that the promissory note was payment in full for his debts. Mem. at 15. Mr. Castro does not dispute this fact. Instead, he merely responds that this Court has already concluded "plaintiff's amended complaint is sufficient to allege an injury-in-fact." Opp. at 17. This is a gross misreading of the Court's April 18, 2023 order. [ECF No. 15]. This Court did not find Mr. Castro sufficiently alleged an injury in fact; rather, it only allowed Mr. Castro leave to amend his complaint. But as set forth herein

and in the memorandum in support, the Amended Complaint still fails to allege an injury-in-fact fairly traceable to any purported conduct by Shellpoint or BoNYM.   Mr. Castro is the sole cause of any injury he allegedly suffered.

### III.   CONCLUSION

For the reasons stated in the memorandum of law and herein, the Court should dismiss Mr. Castro's complaint in its entirety and with prejudice.

Dated: February 12, 2024

**AKERMAN LLP**

*/s/  Aliza Malouf*
Aliza Malouf (Aliza.malouf@akerman.com)
750 Ninth Street, N.W., Suite 750
Washington, D.C. 20001

*Attorneys for Defendants NewRez, LLC*
*d/b/a Shellpoint Mortgage Servicing and*
*The Bank of New York Mellon, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2024, I served a copy of the foregoing on plaintiff Mario Castro by UPS Overnight Delivery to the following address:

Mario E. Castro
419 West hills Road
Melville, NY 11747

*/s/ Aliza Malouf*
Aliza Malouf
