**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
MARIO E. CASTRO,

                        Plaintiff,

v.                                                  Civil Action No. 2:22-cv-06340-PKC-JMW

NEWREZ LLC, *et al*.,

                        Defendants.
-----------------------------------------------------------x

**REPLY IN SUPPORT OF DEFENDANT**
**REAL TIME RESOLUTIONS, INC.'S MOTION TO DISMISS**

**HOLLAND & KNIGHT LLP**
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9568
*Attorneys for Defendant*
*Real Time Resolutions, Inc.*

## **TABLE OF CONTENTS**

                                                         **Page**

I.     INTRODUCTION ...................................................................................................2

II.    ARGUMENTS AND AUTHORITY ......................................................................2

        A.     Plaintiff Failed to Properly Serve RTR....................................................... 2

        B.     Plaintiff Fails to State a Claim Under The UCC........................................ 3

III.   CONCLUSION.........................................................................................................4

## I. INTRODUCTION

Plaintiff Mario E. Castro's ("Plaintiff") opposition to Defendant Real Time Resolutions, Inc.'s ("RTR") motion to dismiss (the "Opposition") confirms that this Court should dismiss his Amended Complaint ("FAC") with prejudice. As further detailed in the motion to dismiss, Plaintiff failed to effectuate proper service of the summons and complaint upon RTR in accordance with the Federal Rules or New York law, and nothing in the Opposition excuses this deficiency. Moreover, Plaintiff's dubious argument that a promissory note is a "consumer good" and somehow satisfied his obligations on the loan itself by mere execution is simply wrong and fails to save his claims under U.C.C. § 9-210 *et seq.*, and NY U.C.C. § 9-210 *et seq.*

Accordingly, and for the reasons discussed below, the Court should dismiss Plaintiff's claims against RTR with prejudice.

## II. ARGUMENTS AND AUTHORITY[1]

### A. Plaintiff Failed to Properly Serve RTR.

Plaintiff does not dispute that he did not personally serve RTR with service of process, nor does he dispute that his attempted service of process did not comply with New York's requirements for service by first class mail. Rather, Plaintiff incorrectly argues this Court has already determined service of process was proper and that RTR waived service of process by filing their motion to dismiss. As discussed below, Plaintiff is wrong on both counts.

At no point has this Court held that service of process as attempted by Plaintiff was proper. Plaintiff filed a document titled "Motion for Enlargement of Time" on June 30, 2023. [ECF No.

---

[1] Plaintiff does not object to the Court taking judicial notice of court documents, accordingly the Court should take notice of the documents referenced in the motion to dismiss. Plaintiff improperly attempts to argue the merits of the referenced court documents in the prior litigation. Opp. at 2-3. However, "the purpose of taking judicial notice of such documents is to determine what statements the documents contained, not to establish the truth of the matters asserted therein." *Reif v. Art Inst. of Chicago,* No. 23-CV-2443 (JGK), 2023 WL 8167182, at *3 (S.D.N.Y. Nov. 24, 2023).

36]. Plaintiff sought an extension of time to "properly serve notice of summons and complaint . . . and to file with the court [ ] affidavits of service . . ." *Id.* The very same day, Plaintiff filed a document titled "Amended Proof of Service on Defendants." [ECF No. 35]. In light of this second filing, by paperless order dated July 10, 2023, the Court denied Plaintiff's motion as moot. In doing so, the Court did not hold that service of process was proper, only that Plaintiff's motion was moot because Plaintiff had already filed his proof of service, as previously ordered.

Further, RTR has not waived service of process by appearing in this action. A defendant does not waive the defense of insufficient service of process by either (1) asserting the defense in a pre-responsive pleading motion, as RTR did here, or (2) including the defense in a responsive pleading. *See* Fed. R. Civ. P. 12(h)(1); *see also Narayanan v. Garland,* No. 22-CV-5661 (EK)(LB), 2023 WL 6307872, at *5, n. 5 (E.D.N.Y. Sept. 28, 2023). As such, RTR has properly asserted the defense in its motion to dismiss.

Lastly, contrary to Plaintiff's claims, "actual notice is not sufficient to cure improper service." *Narayanan*, 2023 WL 6307872 at *5.

As detailed in RTR's memorandum and discussed herein, the Complaint should be dismissed as to RTR.

### B. Plaintiff Fails to State a Claim Under The UCC.

Plaintiff's only allegation against RTR is that RTR received a "Request for an Accounted Accounting" but failed to provide an authenticated accounting under UCC § 9-210 and NY UCC § 9-210. Dkt. No. 16. This is the sole basis for his claim against RTR in his Fourth Cause of Action. *Id*., ¶¶79-83. However, as discussed in RTR's memorandum, Plaintiff may not maintain a cause of action under either statute. Plaintiff concedes this argument his Opposition and dismissal of the claim is proper. *See* Opp. at 7.

Alternatively, Plaintiff attempts to save his deficient claim by arguing it is based on the

promissory note and a promissory note is a "consumer good," not an interest in real property. *Id.* at 7-9. Initially, the Court should reject this claim because these facts are not even pled in the Complaint as to RTR and it is improper to amend the Complaint in his Opposition in this fashion. *See O'Brien v. Nat'l Prop. Analysts Partners,* 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

Regardless, his contentions are without merit under applicable law. Under the NY UCC, the term "goods" expressly excludes "instruments" from its definition. NY UCC § 9-102(a)(44). A promissory note is an "instrument" under the NY UCC. See § 9-102(a)(47) (defining an instrument as "a negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation, is not itself a security agreement or lease, and is of the type that in ordinary course of business is transferred by delivery with any necessary indorsement or assignment"); and § 9-102(a)(65) (defining promissory note as "an instrument that evidences a promise to pay a monetary obligation"). Because a promissory note is instrument, not a good, under NY law, Plaintiff's claim fails.

Accordingly, Plaintiff's UCC claim must be dismissed with prejudice as to RTR.

### III.   CONCLUSION

For the reasons set forth in the memorandum of law and as stated herein, this Court should dismiss Plaintiff's Amended Complaint against RTR with prejudice.

Date: March 15, 2024                                    Respectfully submitted,

*/s/ Jonathan M. Marmo*
Jonathan M. Marmo (NY #4239323)
Holland & Knight LLP
2929 Arch Street, Suite 800
Philadelphia, PA  19104
Phone 215.252.9600
Fax 215.867.6070
Jonathan.Marmo@hklaw.com

*Attorneys for Defendant Real Time Resolutions, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 15, 2024, the foregoing was served on all Parties of record and the Motion to Dismiss and Reply in support thereof was filed with the Clerk of Court using the ECF electronic filing system, which automatically serves all counsel of record.

*/s/ Jonathan M. Marmo*
Jonathan M. Marmo